Barbara Anne **NISTENDIRK**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant and Third-Party**
**Plaintiff,**

v.

**M.F.A. MUTUAL INSURANCE COM-**
**PANY, Third-Party Defendant.**

No. 852.

United States District Court
W. D. Missouri,
Central Division.

Jan. 16, 1964.

Scott O. Wright, Columbia, Mo., for plaintiff.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for defendant and third-party plaintiff.

Howard Major, Columbia, Mo., for third-party defendant.

GIBSON, Chief Judge.

This is an action brought under the Federal Tort Claims Act. Defendant United States sought leave to implead third party defendant M.F.A. Mutual (hereinafter referred to as M.F.A.) and leave was granted. M.F.A. now moves to vacate the order granting leave to the United States to implead M.F.A. or in the alternative moves to dismiss the third party complaint.

M.F.A. has two main grounds which it advances in support of its position. As set out in its suggestions, those two grounds are that M.F.A. is deprived of a jury trial in violation of the Seventh Amendment of the United States Constitution, and that M.F.A.'s rights of contract are impaired in violation of the provisions of Article I, Section 10, United States Constitution.

■ In order to discuss the two grounds which M.F.A. advances in support of its motion, it is first necessary to determine whether or not the United States is an insured under the policy, a determination which of needs is interconnected with the two grounds relied on by M.F.A. The policy in question was made out to Andrew Lee McGee, Sr., and in the omnibus clause coverage was extended to " * * * any person or organization using it [the automobile] or legally responsible for its use, provided the actual use of the automobile is by the named insured or spouse, or with permission of either; * * *." In Irvin v. United States, 148 F.Supp. 25 (S.Dak.1957), the court held that under an omnibus clause substantially the same as that involved in the present case, the United States was an insured under the policy. The Court is of the opinion that the Irvin case, decided in this circuit, is controlling and that the United States is an insured under the policy. Therefore, unless impleader would deprive the third party defendant of its right to trial by jury, or would impair its right to contract, the motion to vacate or dismiss must be denied.

■ The third party defendant contends that since no jury trial may be had under the Federal Tort Claims Act, M.F.A. will be denied its right to a trial by jury if impleader is permitted. Certainly M.F.A. will be denied a jury trial in this situation, however, M.F.A. has no right to a jury trial under these circumstances. The United States is an insured under the policy, and M.F.A. comes into the suit in the position of its insured who is not entitled to a jury trial. M.F.A.'s position that it is entitled to a jury trial on the issue of coverage is not well taken, in that in the situation presented by the present case, the determination of coverage is a question of law and not a question of fact for the jury. Therefore, the Court concludes that M.F.A. has not been deprived of its right to a jury trial in this case. This same question of a constitutional right to jury trial was presented by the plaintiff and ruled adversely to her in an order promulgated August 21, 1963. The Court was of the opinion in that case that the plaintiff should be entitled to a jury and is of the opinion in this case that the defendant and its insurer likewise should be entitled to a jury as a matter of policy, but does not think that either the plaintiff in this case nor the insurer is entitled to a jury in this type of case as a matter of constitutional right or as a matter of legislative policy; and that under the law relating to the powers of Congress and of the constitutional and common law right of jury trial, both the plaintiff and the defendant's insurer is controlled by the legislative declaration placing this type of action for disposition by the Court only.

■ M.F.A.'s second contention that its right of contract is impaired by the inclusion of the United States as an insured under the policy does not seem to be well taken. M.F.A. wrote the policy and is responsible for the language used therein. Had M.F.A. wished to exclude any organizations it could have done so by an endorsement to the policy, and having failed to do so it must fulfill its ob-

ligation and assume its share of the liability. The Court has not been able to determine that the contract has been altered so as to interfere with M.F.A.'s right of contract, and in absence of any affirmative showing, the Court finds no impairment which would warrant dismissing the third party complaint.

For the foregoing reasons the motion to vacate or dismiss is overruled.

It is so ordered.