Christopher C. VAUGHN, Mrs. Lillian Vaughn, Chrissie S. Vaughn, a minor by next friend, Dr. J. F. Vaughn, and Dr. J. F. Vaughn, Plaintiffs,

v.

UNITED STATES of America, Defendant and Third Party Plaintiff,

v.

TENNESSEE FARMERS MUTUAL IN-SURANCE COMPANY, Third-Party Defendant.

Civ. A. No. 1356.

United States District Court
W. D. Tennessee, E. D.

Jan. 30, 1964.

Aaron C. Brown, Paris, Tenn., Richard R. Bryan, Paducah, Ky., for plaintiffs.

Odell Horton, Jr., Asst. U. S. Atty., Thomas L. Robinson, U. S. Atty., Memphis, Tenn., Dwayne D. Maddox, Asst. U. S. Atty., Memphis, Tenn., for United States.

Roy Hall, Waldrop, Hall & Tomlin, Jackson, Tenn., for Tennessee Farmers Mut. Ins. Co.

BAILEY BROWN, District Judge.

These are personal injury actions brought pursuant to diversity jurisdiction against the original defendant, Garland T. Wilson. Wilson, at the time of this automobile accident, was acting in furtherance of his duties as a United States rural mail carrier. The United

States Attorney for this District, pursuant to 28 U.S.C., § 2679, has filed a "Certification As To Scope of Employment," and this action has thus become one against the United States under the Tort Claims Act, 28 U.S.C., § 2671 et seq.

 The United States has filed a third party claim against Tennessee Farmers Mutual Insurance Company, asserting that the United States is an additional insured under a policy of automobile liability insurance issued by that company in which the Government employee, Wilson, is the named insured and the automobile involved is the insured vehicle. The insurance company has denied coverage to the United States and has filed a motion to dismiss this third party claim. The contentions of the parties with respect to this motion were heard at a pretrial conference at which the Court overruled the motion. This memorandum decision has been prepared for the purpose of more fully spelling out the basis for the action of the Court in overruling this motion to dismiss.

In support of its contention that it is an additional insured, the United States relies on the definition of an "insured" in the policy as including " * * * any person or organization legally responsible for the use thereof by an insured * * *." The United States does seem to come squarely within that language. There does not appear to be much authority on this point. However, Irvin v. United States, 148 F.Supp. 25 (D.C.S.D. 1957) holds that the United States is an additional insured under such a provision and seems to this Court to be correctly decided. Moreover, the insurance policy involved here states that the purpose for which the insured automobile was to be used was "business and pleasure" and that the occupation of the named insured was "farmer and rural mail carrier." Use of the automobile by the named insured in connection with his Government employment was therefore contemplated by the insurance company.

The insurance company contends that the United States is not an additional insured, relying on Gipson v. Shelley, 219 F.Supp. 915 (E.D.Tenn.1963). A careful reading of that opinion by Judge Neese, however, will make clear that the liability insurance policy involved there did not contain the language relied upon by the United States here or at least no such provision was brought to the attention of the Court.

 The insurance company also relies on the "no action" clause in its policy as a basis for dismissal of the third party claim. This clause provides, in general, that no action will lie against the company until a judgment has been obtained against the insured. This clause, however, does not prevent the assertion of a third party claim under Rule 14 at this time. Irvin v. United States, supra, and 3 Moore's Federal Practice, ¶ 14.08 at p. 531 ff. and ¶ 14.12 at p. 575.

It results that the Motion to Dismiss the third party claim must be overruled.