**Mrs. Bobbie Trice BARKER, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant and Third-Party Plaintiff,**

**v.**

**NATIONAL INSURANCE UNDERWRITERS–NATIONAL ASSOCIATED UNDERWRITING COMPANY, Attorney in Fact, Third-Party Defendant.**

Civ. A. No. 8464.

United States District Court
N. D. Georgia,
Atlanta Division.

May 27, 1964.

Scott, Scroggins, Cash & Crim, Atlanta, Ga., for plaintiff.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., for defendant and third-party plaintiff.

Gambrell, Harlan, Russell & Moye, Atlanta, Ga., for third-party defendant.

MORGAN, District Judge.

On May 1, 1964, the third party defendant herein moved the Court, pur-

suant to Rule 56 of the Federal Rules of Civil Procedure, for a summary judgment in the third party defendant's favor, dismissing the third party action as to it on the ground that there is no genuine issue as to any material fact, and that the third party defendant is entitled to judgment as a matter of law.

The plaintiff herein has brought suit against the United States of America for personal injuries arising out of an automobile collision which occurred on September 5, 1962, allegedly caused by the negligence of a Government employee in the operation of his motor vehicle while acting within the scope of his employment. The action is based on the Federal Tort Claims Act.

The United States, on November 5, 1963, instituted a third party action, naming National Insurance Underwriters–National Associated Underwriting Company as third party defendant, based upon the insurance company's liability insurance coverage of the Government employee involved in the collision. The third party defendant asserts in its motion for summary judgment that, as a matter of law, it is not and will not be liable to the United States for all or any part of plaintiff's claim against the United States.

The case relied upon by the movant is Gipson v. Shelley, D.C., 219 F.Supp. 915 (1963). The Tennessee Court in this case denied a motion by the United States to join the liability insurance carrier of the individual Federal employee as a third party defendant on the ground that the insurance company, in view of an amendment to the Federal Tort Claims Act (28 U.S.C.A. § 2679), could not be liable to the Government or to the individual Government employee for any tort committed by the employee while acting within the scope of his employment.

The Government herein contends that it is an additional insured under the terms of Paragraph III of the policy which define the "insured" as including " * * * any person or organization legally responsible for the use * * * (of the automobile) provided the actual use of the automobile is by the named insured * * * "

The language of the policy which was the subject of the case of Vaughn v. United States v. Tennessee Farmers Mutual Insurance Company, D.C., 225 F. Supp. 890, contained words almost identical with that in the case at bar. Judge Bailey Brown in the Vaughn case held, in regard to the Gipson case:

" * * * A careful reading of that opinion by Judge Neese, however, will make clear that the liability insurance policy involved there did not contain the language relied upon by the United States here or at least no such provision was brought to the attention of the Court."

■ Mr. Hasty was insured in his employment as a rural letter carrier; it is only reasonable that the company intended to insure the Government, as Hasty's employer, under its omnibus clause. See Cato v. Aetna Life Insurance Company, 164 Ga. 392, 397–398, 138 S.E. 787. Under the well-established principles that a policy is to be construed against the company and in favor of the insured and that any ambiguity must be resolved in favor of the insured, it is the feeling of this Court that the insurance company is a proper party to this case. See Macon Auto Auction, Inc. v. Georgia Casualty & Surety Company, 104 Ga.App. 245, 121 S.E.2d 400.

■ In the opinion of this Court, then, the United States is insured under the policy purchased by its employee. The rights of the parties to this motion were established in June 1961, by virtue of the Federal Tort Claims Act, and have remained unaltered to this date. All terms and conditions of the policy have either been complied with by the Government or waived by the company.

The third party defendant's motion for summary judgment is hereby denied.

It is so ordered.