Mrs. Ernestine K. GAHAGAN

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and United
States of America.

UNITED STATES of America

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Third-
Party Defendant.

Civ. A. No. 9925.

United States District Court
W. D. Louisiana,
Shreveport Division.

July 31, 1964.

Grove Stafford, Stafford & Pitts, Alexandria, La., for plaintiff.

Edward L. Shaheen, U. S. Atty., and Edward V. Boagni, Asst. U. S. Atty., Shreveport, La., for the Government.

DeWitt T. Methvin, Jr., Gist, Gist, Methvin & Trimble, Alexandria, La., for State Farm Mut. Auto. Ins. Co.

BEN C. DAWKINS, Jr., Chief Judge.

Plaintiff sued the Government under the Federal Tort Claims Act, 28 U.S.C. § 2679, and State Farm Mutual Automobile Insurance Company. She claims she sustained damages in an automobile accident which occurred when the car she was driving collided with a car driven by Lumel M. Bamburg, an employee of the Government.

At the time of the accident Bamburg was driving his own automobile in the course of his employment with the United States. Plaintiff sought recovery from State Farm under a policy of insurance it had issued to Bamburg covering the automobile he was driving. The Government filed a third party complaint against State Farm, claiming the policy

issued by it to Bamburg provided insurance under its omnibus clause to the United States, as well as to Bamburg.

State Farm moved to dismiss plaintiff's claim and to dismiss the third party action brought by the United States. Its contention is that 28 U.S.C. § 2679(b) provides that the exclusive remedy of the plaintiff is against the United States and that the policy does not extend coverage to the United States. The Government contends, on the other hand, that it is a "Person Insured" under the terms of the insurance policy issued by State Farm to Bamburg.

A copy of the policy was attached as an exhibit to the third party complaint. It was issued to L. M. Bamburg and provides coverage against liability for bodily injury and property damage. The policy defines "Persons Insured" as:

"* * *

"(c) Any other person or organization legally responsible for the use of

"(1) an owned automobile, or

"(2) a non-owned automobile, if such automobile is not owned or hired by such person or organization,

provided the actual use thereof is by a person who is an insured under (a) or (b) above with respect to such owned automobile or non-owned automobile."

At the outset, counsel for State Farm correctly asserts that the 1961 amendment to 28 U.S.C. § 2679 had the effect of substituting liability of the United States exclusively for its employees operating motor vehicles within the scope of their employment. Uptagrafft v. United States, 315 F.2d 200 (4th Cir. 1963); Perez v. United States, 218 F.Supp. 571 (S.D.N.Y.1963). But decision on the present motions depends entirely on the correctness *vel non* of the Government's contention that it is a "person or organization legally responsible for the use of" the insured automobile under the definition of persons insured.

Counsel for State Farm relies on Gipson v. Shelley, 219 F.Supp. 915 (E.D. Tenn.1963), in which the court held that since the amendment to 28 U.S.C. § 2679 relieved the employee of all liability, it also relieved his insurer of its liability as well as its obligation to defend the suit. Later cases,[1] however, have pointed out that in Gipson it was not shown that the policy relied on contained the definition of "Persons Insured" relied on in the later cases and in this case.

The precise issue involved here was decided before the 1961 amendment to 28 U.S.C. § 2679 in Irvin v. United States, 148 F.Supp. 25 (D.C.S.D.1957). There the court found the United States to be an insured under the terms of a policy containing language similar to that relied on in this case.[2] In giving its reasons for that particular construction of the policy language, the court said:

"Section 2674, Title 28 U.S.C.A., makes the United States liable respecting the provisions of that title relating to tort claims in the same manner and to the same extent as a 'private individual' under like circumstances. A private individual would certainly be included within the terms 'person or organization.' The insurer and third party defendant in this case at the time it issued the policy here involved was cognizant of the wording and effect of the Tort Claims Act, which made the United States liable relating to tort claims to the same extent as a private individual under like circumstances. The words 'person or organization' used by the insurer in stating its definition of an insured

1. Vaughn v. United States, 225 F.Supp. 890 (W.D.Tenn.1964); Patterson v. United States, 233 F.Supp. 447 (E. D. Tenn.1964).

2. See also Rowley v. United States, 140 F.Supp. 295 (D.C., Utah, 1956).

*were its own choice of words.* The policy listed the occupation of the insured, * * * to be a rural mail carrier, his employer as the U. S. Government, and the purposes for which the described automobile was to be used as business and pleasure. I can reach no other conclusion but that the third party defendant intended to include the United States Government as an insured under the terms of the policy which it issued to Troup. Had it intended otherwise, it could have clearly indicated such intention by an endorsement to the policy. These facts, together with the well established rule of law that a policy of insurance reasonably susceptible of different interpretations will be construed strictly against the company, strengthens my conclusion that the third party defendant is liable in this case." (Emphasis added.)

The legislative history [3] of the 1961 amendment to 28 U.S.C. § 2679 in no way indicates an intention to change the conclusion of Irvin, and the jurisprudence since that amendment has approved construction of the policy language advanced by the Irvin case. Vaughn v. United States, 225 F.Supp. 890 (W.D.Tenn.1964); Nistendirk v. McGee, 225 F.Supp. 883 (W.D.Mo.1963); Patterson v. United States, 233 F.Supp. 447 (E.D.Tenn.1964); Barker v. United States, 233 F.Supp. 455 (N.D.Ga.1964).

In light of this jurisprudence and the general principle of insurance law that the language of a policy chosen by the insurer will be strictly construed against the insurer,[4] we must find that the United States is a "person or organization legally responsible for the use of" the insured automobile [5] and is, therefore, a "person or organization" covered by the terms of the policy. Accordingly, the motions by State Farm to dismiss the third party complaint and the original complaint must be and are denied.

3. 1961 U.S.Code Cong. & Ad.News, p. 2784 et seq.

4. Hartford Accident & Indemnity Co. v. Collins, 96 F.2d 83 (5th Cir. 1938).

5. In the construction of statutory language it has been held that the word "person" included the United States and also a State. Stanley v. Schwalby, 147 U.S. 508, 13 S.Ct. 418, 37 L.Ed. 259 (1893); Ohio v. Helvering, 292 U.S. 360,

54 S.Ct. 725, 78 L.Ed. 1307 (1934); Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 55 S.Ct. 50, 79 L.Ed. 211 (1934). In addition, the United States has been recognized as a "person" within the meaning of Rule 14 of the Federal Rules of Civil Procedure permitting service upon "a person not a party to the action * * *" United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951).