**UNITED STATES of America,**
**Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, Defendant.**

**Civ. No. 64–398.**

United States District Court
D. Oregon.

July 6, 1965.

Sidney I. Lezak, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., Portland, Or., for the United States.

Vergeer & Samuels, Portland, Or., for defendant.

SOLOMON, Chief Judge:

Norman Svendsen, a Government employee, was involved in a collision while operating his automobile during the course of his employment. Svendsen was covered under an automobile liability insurance policy issued by defendant, State Farm Mutual Automobile Insurance Company (State Farm). As a result of the collision, two actions were brought against the Government by the injured parties under the Federal Tort Claims Act, 28 U.S.C.A. § 2674. The Government moved to implead State Farm as third party defendant, but the motion was denied. After judgments of $1,604.20 and $4,000.00 were paid by the Government, the Government filed this action to recover these sums from State Farm plus interest and reasonable attorneys' fees.

The policy issued to Svendsen provided that the term "insured", for the purposes of this accident, includes " * * * any person or organization legally responsible for the use [of the automobile] * * *." The Government contends that it is a person or organization legally responsible for the operation of Svendsen's automobile at the time of the accident and is entitled to the benefits and protection of the policy. State Farm argues that since Svendsen, the named insured, had no liability, because Government employees who commit torts within the scope of their employment are insulated from personal liability by 28 U.S.C.A. § 2679, his insurer is likewise immune from liability.

This issue has been frequently litigated, usually on motions to dismiss the insurance company after the Government impleads the company as a third party defendant. The Government has prevailed on this issue in every case except Gipson v. Shelley, 219 F.Supp. 915 (E.D. Tenn.1963), the case upon which State Farm primarily relies. That case was decided on the theory that the Government stands in the shoes of the insured, and since the insured is not personally liable the insurance company cannot be liable. Here, however, the Government seeks recovery under the policy as an insured in its own right. This was the theory upon which the Government prevailed in Patterson v. United States v. State Farm Mut. Auto. Ins. Co., 233 F.Supp. 447 (E.D.Tenn.1964), and Nistendirk v. United States v. M. F. A. Mutual Ins. Co., 225 F.Supp. 884 (W.D. Mo.1964).

■ I agree with the reasoning of these cases, and I find that the language of the policy includes the Government as an insured.

■ The more novel issue raised by this case is the Government's request for attorneys' fees. This is the first time, to the Court's recollection, that the Government has requested attorneys' fees in this District. Perhaps this is due to an old local rule of this Court which required attorneys to certify that they would retain all of the attorneys' fees allowed by the Court. Our present local rules do not contain such a provision. Other District Courts award attorneys' fees to the Government, usually without explanation, e. g., Amato v. United States, 167 F.Supp. 929, 937 (S.D.N.Y. 1958), and no meritorious reason has been submitted for refusing to award the Government attorneys' fees. Government attorneys can be analogized to house counsel of corporations who are allowed attorneys' fees in cases in which retained outside counsel would have been entitled to an award of attorneys' fees. Pittsburgh Plate Glass Co. v. Fidelity and Casualty Co., 3 Cir. 1960, 281 F.2d 538. Moreover, attorneys' fees, in principle, belong to the client and are awarded for the purpose of attempting to make the client whole.

■ The Government was required to defend two actions because of State Farm's refusal to assume the defense of such cases. The Government also was required to bring this action for indemnity just as it had to do against State Farm in many cases in various other

jurisdictions. E. g., Patterson v. United States v. State Farm Mut. Auto. Ins. Co., supra. This is the type of action in which the indemnitee, if the prevailing party, is entitled to attorneys' fees.[1]

The Government is entitled to $1,604.-20 with interest from June 28, 1963, $4,000.00 with interest from February 25, 1964, and reasonable attorneys' fees in the amount of $1,500.00.

1. Runyan v. Continental Casualty Co., 233 F.Supp. 214, 220 (D.Or.1964); Stichman v. Michigan Mut. Liab. Co., 220 F.Supp. 848, 854 (S.D.N.Y.1963).