349 F.2d 83
 GOVERNMENT EMPLOYEES INSURANCE COMPANY, a corporation created under the laws of the District of Columbia, and licensed to do business in the State of New Mexico, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 7998.
 United States Court of Appeals Tenth Circuit.
 July 22, 1965.
 Rehearing Denied September 16, 1965.
 
 1
 Lowell White, of White & Steele, Denver, Colo., for appellant.
 
 
 2
 Robert J. Vollen, Attorney, Department of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., John Quinn, U. S. Atty., and Alan S. Rosenthal, Attorney, Department of Justice, Washington, D. C., on the brief), for appellee.
 
 
 3
 Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and KERR, District Judge.
 
 
 4
 KERR, District Judge.
 
 
 5
 This is an appeal by Government Employees Insurance Company from a judgment entered by the United States District Court for the District of New Mexico determining that Appellant was liable to the United States for the amount of the judgment rendered against the United States in an action brought pursuant to the Federal Tort Claims Act. The crux of the problem before us is whether the insurer intended to and did cover the United States as an additional "insured" when it defined the word "insured" to include the named insured and "any person or organization legally responsible for the use" of the automobile.
 
 
 6
 The facts are not in dispute. Otto and Christine Nilson sustained injuries from a collision between a vehicle owned and operated by Otto Nilson and a truck owned and operated by Price T. Crume, the named insured. Their original complaint against Price T. Crume was dismissed and a First Amended Complaint was filed, which made the United States of America the sole defendant. Upon motion of the United States, the District Court ordered that a Third Party Complaint be filed against the Government Employees Insurance Company. The District Court expressly found that Price T. Crume was negligent in the operation of his vehicle; that at the time of his negligent acts and at the time of the accident, he was an employee of the United States and was acting within the scope and course of his employment; and that the automobile liability insurance policy issued by the Government Employees Insurance Company to Price T. Crume was in full force and effect at the time of the collision. The Court further found that at the time of the accident the United States was a person or organization legally responsible for the use of Mr. Crume's automobile and that the United States was an "insured" within the terms of the liability policy. The District Court concluded as a matter of law that the United States was an additional insured and had properly asserted its rights as an insured under the policy by way of a Third Party Complaint. Judgment was thereupon entered that the plaintiffs recover from the United States of America the sum of $15,000, that the Intervenor, Phoenix Assurance Company of New York, recover from the United States the sum of $750 for property damages, and that the United States recover from the third party defendant, the Government Employees Insurance Company, the sum of $15,750.00.
 
 
 7
 We find no fault with the trial court's Findings of Fact and Conclusions of Law. The United States is not claiming indemnity against the Government Employees Insurance Company. It seeks, rather, to recover from the insurer on the contractual obligation of liability to the United States as an insured who has been found legally obligated to pay the claims of persons injured from the negligence of a government employee in the course of his government employment.
 
 
 8
 Appellant claims that the indemnity insurance policy issued to Crume was not intended to protect the United States; that the United States is not "a person or organization" within the meaning of the policy and therefore is not an insured under the policy of insurance. Appellant further claims that it has a valid defense against the claim of the United States for its failure to comply with the conditions precedent to liability under the policy of insurance, namely, Appellant's right to have sole control of all phases of the defense of any claim against an insured, including the right to use its own attorneys and to demand a jury trial. Appellant denies liability to the United States for the further reason that the judgment in favor of the plaintiffs against the United States was entered upon the stipulation and agreement between the plaintiffs and the United States without the written agreement of the appellant contrary to the requirements of the policy.
 
 
 9
 Appellant's position is not supported by the facts and is contrary to the applicable judicial pronouncements which we consider legally sound.[1] On the policy, the named insured's occupation was given as "Gov't Hunter", and the purposes for which the truck was to be used were listed as "Pleasure and Business". The term "insured" was defined as the named insured and "any person or organization legally responsible for the use" of the automobile. The facts in this case, the conditions under which the policy was issued, and the provisions of the Federal Tort Claims Act combine to dictate the conclusion that the United States is an additional insured and a "person" under the policy definition of the term "insured".
 
 
 10
 The purpose of the Federal Tort Claims Act was "to render the Government liable in tort as a private individual would be under like circumstances." Richards et al v. United States et al., 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962), italics added; 28 U.S.C. §§ 1346 (b) and 2674. The design of the Act was to characterize the United States as a private employer. Congress intended to put an end to the many private claims with which it had been burdened, and to do so it shed the cloak of sovereignty and entered the market place, so to speak. The United States, therefore, is liable as a person, and concomitant with that liability is the right to be insured as a private person within the unlimited coverage of the insurance policy here in issue.
 
 
 11
 The Government Employees Insurance Company issued its liability policy to Price T. Crume in February 1961, and on February 13, 1962, it was renewed for another year. Section 2679 of Title 28 U.S.C., was amended on September 21, 1961, to take effect six months after its enactment, or in March 1962.[2] The collision occurred in June 1962. When the policy issued to Price T. Crume was renewed, therefore, the Government Employees Insurance Company was bound to know that only the United States was usable for the torts of its employees committed within the scope of their employment. The Company's intention to insure the United States is implicit in its conduct. By insuring a government employee for the use of his vehicle on government business, the Government Employees Insurance Company obligated itself to pay on behalf of the United States as an insured all sums which the United States would become legally obligated to pay as damages sustained by any person caused by accident and arising out of the ownership, maintenance or use of the government employee's automobile.
 
 
 12
 Knowing full well that the named insured could not be sued for injuries or damages sustained from his negligence while performing his duties as a government hunter, it must be assumed that the insurer tacitly understood that its requirements respecting jury trial, the conduct of the trial by its own attorneys, and the written permission to settle would not be applicable when suit would be brought under the Federal Tort Claims Act. When it renewed the policy, the insurer knew or should have known, that such provisions were unenforceable with respect to the United States as the person legally responsible for the use of the insured vehicle. It cannot now, therefore, rely on those requirements to defeat the rights of the United States as an insured under the policy.
 
 
 13
 The pacesetters, Rowley v. United States, E.D.Utah, 140 F.Supp. 295, and Irvin v. United States, supra, were decided in 1956 and 1957 respectively. In essence they held that the United States was an insured under the clause, "any person or organization legally responsible for the use" of the automobile. Retaining such words in its policy insuring a government employee, the Government Employees Insurance Company acquiesced to the prior decisions. Had it intended to escape such construction of the so-called omnibus clause and to divest itself of an obligation to the United States as an insured, it had ample opportunity to do so between 1957 and 1961 or 1962. It must be presumed that the appellant, by continuing to use the words, "persons or organization legally responsible for the use" of the automobile, understood their meaning to be consonant with the repeated judicial interpretations. Wachovia Bank and Trust Company v. Manufacturers Casualty Insurance Company, M.D.No.Car., 171 F.Supp. 369 (1959).[3] The respectable authorities accumulated since the Rowley and Irvin decisions have not deviated from the rationale that policies specifying the governmental occupation of the named insured and the use of the automobile for business imply an intent to insure the United States.[4]
 
 
 14
 The Federal Tort Claims Act equates the United States with a private person. The Government Employees Insurance Company, itself, wrote the insurance policy and is bound by its own language consistent with prior judicial construction thereof. It must now fulfill its obligations to the United States of America as an insured and assume its contractual liability under the policy.
 
 
 15
 In view of the meaning attributed to the statute and the insurance policy, the various other contentions of Appellant require no discussion. Suffice it to say that no additional risk is hereby imposed on the Government Employees Insurance Company, and no intrusion is made on its constitutional rights.
 
 
 16
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Trial Judge relied on Irvin v. United States, D.So.Dak., 148 F.Supp. 25; Nistendirk v. United States v. M. F. A. Mutual Insurance Company, W.D.Mo., 225 F.Supp. 884; and Vaughn et al. v. United States v. Tennessee Farmers Mutual Insurance Company, W.D.Tenn., 225 F.Supp. 890
 
 
 [2]
 28 U.S.C. § 2679(b) as amended reads as follows: "The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."
 
 
 [3]
 44 C.J.S. Insurance § 293, Pages 1154-1155: "Terms used in a policy which have by prior judicial decisions been given a definite meaning, will be regarded as being used in view of such established construction and be governed thereby; and if the insurer continues to issue, without change, policies, clauses of which have been judicially construed, it will be considered as issuing them with that construction placed on them, even though such construction violates the literal sense of the words used."
 
 
 [4]
 Nistendirk v. United States of America v. M. F. A. Mutual Insurance Company, W.D.Mo., 225 F.Supp. 884 (1964); Vaughn et al. v. United States of America v. Tennessee Farmers Mutual Insurance Company, W.D.Tenn., 225 F. Supp. 890 (1964); Patterson v. United States of America et al. v. State Farm Mutual Automobile Insurance Company, E.D.Tenn., 233 F.Supp. 447 (1964); Barker v. United States of America v. National Insurance Underwriters-National Associated Underwriting Company, N.D. Ga., 233 F.Supp. 455 (1964); Gahagan v. State Farm Mutual Automobile Insurance Company and United States of America, W.D.La., 233 F.Supp. 171 (1964); and the following unreported decisions: Chatham v. Hunt and The United States of America v. National Insurance Underwriters, M.D.Ga., 1964; Davenport v. United States of America v. Farmers Mutual Automobile Insurance Company, S.D.Iowa, 1964; Town v. United States of America v. Allstate Insurance Company, S.D.Cal., 1964; Gabriel v. United States of America v. Virginia Farm Bureau Mutual Insurance Company, W.D.Va.; Helms v. United States of America v. State Farm Automobile Insurance Company, W.D.No.Car., 1963