515 P.2d 1275

**FARMERS INSURANCE EXCHANGE, a reciprocal or interinsurance exchange, Plaintiff and Respondent,**

v.

**Kenneth F. JONES, Nick Platis and George J. Maricich, Defendants and Appellant.**

No. 13291.

Supreme Court of Utah.

Nov. 6, 1973.

---

1. Section 25-5-1, U.C.A.1953.

**212**

Paul·N. Cotro-Manes of Cotro-Manes, Warr, Fankhauser & Beasley, Salt Lake City, for defendants and appellant.

W. Brent Wilcox and Jeffrey N. Clayton of Moyle & Draper, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendants were involved in an automobile collision with a motor vehicle

operated by a member of the United States Air Force, an uninsured motorist. The appellant received compensation from his own insurance carrier and signed a trust agreement whereby he promised to attempt to collect the damages sustained from any "person or persons, organization, association or corporation . . . which may be legally liable therefore [sic] and to hold any monies recovered from such person or persons, organization, association or corporation as a result of judgment or as a result of settlement, . . . in trust for the insurer to be paid to the insurer immediately upon recovery thereof; . . ."

Mr. Platis recovered the sum of $175,000 from the United States of America for his damages based on the theory that the airman was in the course of his employment at the time of the collision. He refused to honor the trust agreement on the theory that the United States of America was not a *person, organization, association,* or *corporation* within the meaning of the agreement.

The United States has been held to be a *person* within the provisions of an insurance policy when it sued as plaintiff,[1] and when as defendant it filed a third-party complaint.[2]

It seems obvious to us that the United States of America is a person, and certainly it is an *organization* within the meaning

1. Government Employees Insurance Co. v. United States, 376 F.2d 836 (4 Cir. 1967).

2. Government Employees Insurance Co. v. United States, 349 F.2d 83 (10 Cir. 1965)..

of the trust agreement, and the appellant is bound to make restitution according to his written promise.[3]

Other assignments of error are without merit.

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.

---

3. The plaintiff concedes that it should allow from the money it paid to appellant its proportionate share of collection expenses, including an attorney's fee.