# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00142-SCT

*FRANKLIN COUNTY MEMORIAL HOSPITAL*

*v.*

*MISSISSIPPI FARM BUREAU MUTUAL*
*INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2006 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| COURT FROM WHICH APPEALED: | FRANKLIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT LEE GRANT |
| | TIMOTHY DALE CRAWLEY |
| | LANE B. REED |
| ATTORNEY FOR APPELLEE: | SAM STARNES THOMAS |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 02/28/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

**FACTS AND PROCEDURAL HISTORY**

¶1.     Boyce Dover filed suit against Franklin County Memorial Hospital ("FCMH") and

Sydneye Marie Jordan ("Jordan"), an employee of FCMH, for personal injuries related to an

automobile accident between Dover and Jordan.

¶2.     At the time of the accident, Jordan was operating her personal vehicle. Dover alleged

he was standing in a marked crosswalk when he was struck and injured by Jordan's vehicle.

Jordan was on an errand on behalf of her employer, FCMH. In Dover's complaint, he alleged that Jordan was acting within the course and scope of her employment with FCMH. FCMH and Jordan stipulated she was acting in the course and scope of her employment at the time of the accident.

¶3.     After the complaint was filed, Dover agreed to dismiss Jordan, in her individual capacity, as a defendant.  The agreed order dismissed Jordan with prejudice as to all claims which were or could have been raised against her. The basis of the dismissal was as follows:

> The parties agree and stipulate that on June 14, 2002 between the hours of 10:45 and 11:30 Sydneye Marie Jordan was in the course and scope of her employment with Franklin County Memorial Hospital when the incident involving the Plaintiff, Boyce Dover, and the vehicle driven by the Defendant, Sydneye Marie Jordan, occurred.

¶4.     FCMH sought leave of court without objection from Dover to file a complaint for declaratory judgment against Mississippi Farm Bureau Mutual Insurance Company ("Farm Bureau"), the insurer of Jordan's vehicle. The trial court entered an agreed order to that effect.

¶5.     In its complaint for declaratory judgment, FCMH alleged that Farm Bureau had a duty to defend FCMH as its insured; to reimburse FCMH its costs, expenses and attorneys' fees expended to defend Dover's lawsuit; and to indemnify FCMH as to any judgment  against it.  FCMH relied upon the language defining "insured" in Jordan's insurance policy with Farm Bureau, which provided:

> [T]he unqualified word **"Insured"** means the named Insured and, if the named Insured is an individual, his spouse, and also any person while using the **Automobile** and any person or organization legally responsible for its use, provided the actual use of the **Automobile** is by the named insured or spouse or with permission of either. . . .

2

¶6. FCMH contended it clearly met the definition of "organization legally responsible" and thus, would qualify for coverage under the policy issued by Farm Bureau.

¶7. Farm Bureau responded to FCMH's complaint for declaratory judgment by asserting that FCMH lacked standing to maintain or attempt to maintain the claims alleged against Farm Bureau. Farm Bureau additionally asserted an affirmative defense that "liability, if any, of FCMH as to the matter or matters at issue arises from and flows through the Mississippi Tort Claims Act [MTCA]." Farm Bureau further asserted that Farm Bureau and Jordan were "immune from any liability on the claim or claims attempted to be stated by FCMH," and that the MTCA prohibited FCMH's claim against Farm Bureau.

¶8. The trial court took under advisement FCMH's motion for partial summary judgment against Farm Bureau. The case was set for a bench trial as to Dover's claims against FCMH. At the conclusion of the bench trial, the trial court awarded Dover a judgment in the amount of $55,000, finding FCMH's employee, Jordan, to be ninety percent at fault and Dover ten percent at fault, resulting in a final judgment for Dover in the amount of $49,500 against FCMH.[1] FCMH argued that, based on the "Insured" language of the policy, Farm Bureau was responsible for paying the damages.

¶9. The trial court subsequently entered its final judgment addressing FCMH's claim against Farm Bureau for indemnification under FCMH's complaint for declaratory judgment.

---

[1]The information as to the judgment in favor of Dover is taken from the trial court's final judgment entered December 21, 2006, regarding the complaint of FCMH against Farm Bureau, seeking a declaratory judgment.

The trial court granted summary and final judgment for Farm Bureau on the claims of FCMH and dismissed FCMH's action against Farm Bureau with prejudice.

¶10.	FCMH timely appealed to this Court. The issue before this Court is whether the trial court erred in granting summary and final judgment on behalf of Farm Bureau, as to the claims of FCMH.

**STANDARD OF REVIEW**

¶11.	"We employ the de novo standard in reviewing a trial court's grant of summary judgment. The moving party shall be granted judgment 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" ***Callicutt v. Prof'l Servs. of Potts Camp, Inc***., 2007 Miss. LEXIS 708, *6 (Miss. Dec. 13, 2007) (citations omitted). *See also* Miss. R. Civ. P. 56(c).

**ANALYSIS**

¶12.	The order of dismissal as to Jordan was agreed to by all parties, including FCMH. In its final judgment, the trial court found this order of dismissal to operate to "fully and completely release Jordan's auto insurance carrier, the Third-party Defendant, Mississippi Farm Bureau Insurance Company, from any responsibility and/or coverage."

¶13.	The dismissal of claims against Jordan, in her individual capacity, was premised upon the Mississippi Tort Claims Act, as Jordan was acting within the course and scope of her employment with FCMH. *See* Miss. Code Ann. § 11-46-1, et seq., (Rev. 2002). Farm Bureau asserts the statutory immunity granted to Jordan should be extended to Farm Bureau, as the liability insurer of Jordan, without addressing that FCMH is also an insured. Farm Bureau

4

relies on a portion of Mississippi Code Annotated Section 11-46-7(5). "A governmental entity shall not be entitled to contribution or indemnification, or reimbursement for legal fees and expenses from its *employee* unless a court shall find that the act or omission of the employee was outside the course and scope of his employment." (Emphasis added).

¶14. FCMH submits the trial court erred in holding that the dismissal of Jordan individually also served to act as a release of her insurance carrier, as FCMH was an "Insured" under the policy. FCMH contends that while it is a "public entity" as defined by the Mississippi Tort Claims Act, the Mississippi Tort Claims Act "does not contain any language which could be construed as limiting the right of a 'public entity' to be an 'insured' under a policy of insurance."

¶15. In its finding that the Order of Dismissal of *Jordan* applied both to Jordan *and* Farm Bureau, the trial court strayed from the pivotal issue by focusing on the absence of Jordan's personal liability to Dover. However, Jordan's personal immunity does not absolve FCMH from liability for Jordan's negligence. As FCMH was declared liable, the focus of the inquiry should have been whether FCMH was an insured under the Farm Bureau policy, and if so, whether FCMH was entitled to the protections afforded by the liability coverage provisions.

> Pursuant to the application of the common law theory of respondeat superior, an employer is generally held to be vicariously "legally responsible" for its employees' negligent driving. The employer is thus an omnibus insured under the terms of the policy covering the vehicle being driven by the employee. This principle will only have application when the vehicle is driven during the course of the employee's employment or within the scope of the permission given by the employer.

8 Lee Russ & Thomas Segalla, Couch on Insurance § 111:42 (2005).[2]

¶16.    Farm Bureau's argument that Mississippi Code Annotated Section 11-46-7(5) and this Court's decision in ***Mozingo v. Scharf,*** a medical malpractice case, are applicable is unpersuasive. ***Mozingo*** is clearly distinguishable,[3] as it held that whether an *employee* of a governmental entity possesses "liability insurance is irrelevant to the inquiry as to whether he enjoys immunity under the MTCA." ***Mozingo v. Scharf,*** 828 So. 2d 1246, 1255-56 (Miss. 2002). Although the holding references an attorney general opinion that a "governmental *employee's* personal policy is not subject to exposure for injuries resulting from torts committed during the course and scope of employment," this attorney general opinion did not address whether the governmental entity was likewise an insured under the *employee's* policy of insurance. *See* Miss. Att'y Gen. Op. No. 96-0053 (Feb. 16, 1996) (emphasis added). Accordingly, the ***Mozingo*** Court did not address the issue presented in this case, *i.e.,* whether FCMH is an *insured* under the policy, and if so, what are the obligations of the insurer? FCMH is seeking neither contribution nor indemnification from its employee, Jordan. Since FCMH is not seeking contribution or indemnification, or reimbursement for legal fees and

---

[2]"The purpose of the omnibus clause is to provide broad coverage where possible and broadly construing exclusions in a policy would be contrary to the express purpose." 8 Lee Russ & Thomas Segalla, Couch on Insurance § 111:8 (2005).

[3]The issues before the Court in ***Mozingo*** were as follows: 1) Whether the trial court erred in determining that Dr. Scharf was a state employee rather than an independent contractor, and as such, was entitled to immunity under the MTCA; 2) whether the trial court erred in determining that the practice plan, University Anesthesia Services, PLLC, was a governmental entity such that it was subject to immunity under the Mississippi Tort Claims Act; 3) whether the trial court erred in determining that Dr. Scharf did not waive his immunity under the MTCA by purchasing malpractice insurance.

6

expenses from its employee, analysis of that portion of the Mississippi Tort Claims Act is neither necessary nor warranted.

¶17.	The facts are undisputed that Jordan was acting in the course and scope of her employment at the time of the accident. Jordan's immunity, however, is of no consequence in determining whether Farm Bureau was contractually required to respond to Dover's action versus FCMH.

¶18.	The case sub judice is most analogous to *United States v. Myers*. In *Myers,* a suit was instituted to recover for injuries and damages "sustained in an automobile accident involving an automobile owned and operated by a United States employee, Elwood C. Pugh, who at the time of the accident was acting in the course and scope of his employment." *United States v. Myers*, 363 F.2d 615, 617 (5th Cir. 1966). At the time of the accident, Pugh's automobile liability policy defined as insured, "'any other person or organization legally responsible for the use of [the insured automobile]. . . .'" *Id.* In its ruling, the Fifth Circuit held:

> But nowhere in the amendments is there any indication that Congress intended to preclude recovery by the United States from the employee's liability carrier, where the employee has voluntarily, albeit unnecessarily, included the United States as an "insured" under his policy. The court below found this intent implied from the fact that Congress did not expressly include within the amendments authority for the United States to proceed against its employees' insurers. However these amendments had as their purpose the protection of Government employees from personal liability arising from automobile accidents negligently caused by them; they were not designed to, and should not be held to, affect the rights created by and existing by virtue of insurance contracts taken out by Government employees. Plainly Government employees no longer need to insure against automobile accidents occurring while they are acting within the scope of their Government employment; but nothing prohibits them from doing so if they so choose.

7

***Id.*** at 620.

¶19.    Unquestionably, FCMH is an additional insured under the Farm Bureau policy. As such, it is entitled to the contractual benefits provided by the language of the Farm Bureau policy, which clearly and unambiguously covers employers as insureds. If the "language in an insurance contract is clear and unambiguous, then the court should construe it as written." ***Jackson v. Daley,*** 739 So. 2d 1031, 1041 (Miss. 1999) (citation omitted).

¶20.    The pertinent clause of the Farm Bureau policy declares, "Under Coverages A and B, the unqualified word "**Insured"** means the named Insured . . . any person or *organization legally responsible for its use,* provided the actual use of the automobile is by the named Insured or spouse or with permission of either." (Emphasis added).

¶21.    Neither party questions that FCMH was an organization legally responsible for the use of the auto with the permission of the named insured, Jordan. Although FCMH was not the *named* insured, the "same duty is owed to an unnamed party to a contract and a named party." ***Grange Mut. Cas. Co. v. United States Fid. and Guar. Co.,*** 853 So. 2d 1187, 1191 (Miss. 2003).  "The insured may be named within the policy or may be identified by description. . . . If the description of the insured within the policy is sufficient to identify who is protected, the insured does not have to be specifically named." 3 Lee Russ & Thomas Segalla, Couch on Insurance § 40:3 (2005).

¶22.    Since this Court has never defined an "organization legally responsible," we seek guidance from other courts called upon to define the term. Recognized treatises such as

8

Appleman's Insurance Law and Practice and Blashfield's Automobile Law and Practice, along with numerous courts throughout the land,[4] agree with the Fifth Circuit, which opined,

> In very plain language [the] policy insures any 'person or organization legally responsible for the use' of the insured automobile. The only question in the court below was, and in this court is, whether the United States may qualify as an additional 'insured' under this language. And we are convinced that this no longer is a question to be answered by applying the usual rules of contract construction. On the contrary, an unbroken line of cases, presenting this very question and involving the same or very similar contract language, has definitively answered the question in favor of the United States.

¶23. *Myers*, 363 F.2d at 617-618 (citations omitted). Clearly, FCMH was an "organization legally responsible," and as an insured, FCMH is entitled to the same benefits, protections and coverages provided by Farm Bureau to its named insured.

¶24. Certainly an insurer possesses the right to exclude government employers should it choose, as many insurers, including Farm Bureau, have done in specifically excluding the United States government. The policy sub judice excluded "the United States Government or any of its Agencies, Departments, or Services." The failure of Farm Bureau to exclude

---

[4] *See Government Employees Ins. Co. v. United States*, 349 F.2d 83 (10th Cir. 1965), cert. denied. 382 U.S. 1026, 15 L. Ed. 2d 539, 86 S. Ct. 646 (1966); *Adams v. United States,* 241 F. Supp. 383 (S.D. Ill. 1965); *Purcell v. United States*, 242 F. Supp. 789 (D.Minn. 1965); *United States v. State Farm Mut. Auto. Ins. Co.*, 245 F. Supp. 58 (D.Ore. 1965); *Barker v. United States*, 233 F. Supp. 455 (N.D. Ga. 1964); *Gahagan v. State Farm Mut. Auto. Ins. Co.*, 233 F. Supp. 171 (W.D. La. 1964); *Nistendirk v. United States*, 225 F. Supp. 884 (W.D. Mo. 1964); *McCrary v. United States*, 235 F. Supp. 33 (E.D. Tenn. 1964); *Patterson v. United States*, 233 F. Supp. 447 (S.D. Tenn. 1964); *Vaughn v. United States*, 225 F. Supp. 890 (E.D. Tenn. 1964); *Nistendirk v. McGee*, 225 F. Supp. 883 (W.D. Mo. 1963); *Irvin v. United States*, 148 F. Supp. 25 (D.S.D. 1957); *Rowley v. United States*, 140 F. Supp. 295 (D. Utah 1956). *See also* 6C John Alan Appleman, Insurance Law and Practice § 4355, n.88.25; 8 Blashfield Automobile Law and Practice § 321.11, n.6.

[Mississippi] state or local governments or any of their agencies, departments or services validates FCMH's claim that it is indeed an insured.

¶25.   "Insurance contracts are construed most strongly against the party drafting the contract and most favorably for the policyholder. . . . The rule is based upon the doctrine of *omnia praesumuntur contra proferrentem* - all things are presumed against the offeror." Jeffrey Jackson, Mississippi Insurance Law § 1:8 (2001) (citations omitted). Farm Bureau had the option of excluding state employers. "Exclusions to omnibus coverage are not implied and must be clearly stated in the policy or will be generally construed against the insurer." 8 Russ & Segalla, Couch on Insurance at § 111.8.

¶26.   The decision of the trial court unnecessarily intertwined the employment, and ultimately, contribution vel non issue between Jordan and FCMH, with a separate and distinct contractual dispute between FCMH and Farm Bureau. Under the four corners of Farm Bureau's policy, FMCH was an additional insured, regardless of Jordan's immunity and/or dismissal from the suit. "An insurer denies coverage to its insured when it fails or refuses to accord him the satisfaction it contracted to give. . . ." ***State Farm Mut. Auto Ins. Co. v. Talley,*** 329 So. 2d 52, 56 (Miss. 1976) (quoting ***North River Ins. Co. v. Gibson,*** 244 S.C. 393, 397, 137 S.E.2d 264, 266 (1964)) (quoting ***State Farm Mut. Ins. Co. v. Brower,*** 204 Va. 887, 134 S.E.2d 277 (1964)). Farm Bureau was contractually obligated to defend and/or indemnify FCMH as an additional insured by the language of Farm Bureau's contract

of insurance. FCMH's coverage is not eviscerated by either the Mississippi Tort Claims Act or Jordan's immunity thereunder.[5]

¶27. Accordingly, we reverse and remand for proceedings consistent with this opinion.

¶28. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., CARLSON, DICKINSON AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**EASLEY, JUSTICE, DISSENTING:**

¶29. Today's majority opinion places an undue financial burden on many state employees who drive their own vehicles in the course and scope of their employment with the State of Mississippi. Therefore, I respectfully dissent with the majority's opinion to reverse and remand to the Circuit Court of Franklin County. I would affirm the trial court decision which granted summary judgment in favor of Farm Bureau. I base my dissent on the fact that (1) the Mississippi Torts Claim Act (MTCA) provides that "Nothing in this Chapter shall enlarge or otherwise adversely affect the personal liability of an employee of a government entity."

---

[5]The public policy adopted by legislative act has also ensured coverage. *See* Miss. Code Ann. § 63-15-43(2)(b)(Rev. 2004) (emphasis added):
(2) Such owner's policy of liability insurance:
(b) Shall pay on behalf of the insured named therein and *any other person, as insured*, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles. . . .

11

Miss. Code Ann. § 11-46-7(8) (Rev. 2002); (2) an employee's personal liability will be affected by higher personal premium rates; and (3) all parties, including Franklin County Memorial Hospital (FCMH) agreed to dismiss Jordan from the suit with prejudice and with no reservation of rights or actions against Jordan's insurance coverage by Farm Bureau.

## I.

¶30. This Court employs the *de novo* standard in reviewing a trial court's grant of summary judgment. ***Dearman v. Christian***, 967 So. 2d 636 (Miss. 2007). The moving party shall be granted summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miss. R. Civ. P. 56(c). "Summary judgment is mandated where the respondent has failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." ***Dearman***, 967 So. 2d at 639. (citations omitted).

¶31. While this appeal involves only the dispute between FCMH and Farm Bureau, it is helpful to examine the trial court's order dismissing Jordan. In its order of dismissal as to Jordan, the trial court stated:

> [A]ll claims which were or could have been raised herein against the individual Defendant, Sydneye Marie Jordan, are hereby dismissed, with prejudice, from the above styled and numbered cause, pursuant to Section 11-46-7(2) of the Mississippi Code of 1972, as amended. The said Sydneye Marie Jordan may be retained in the pleadings and style of this case in a representative capacity, only, and no claim may be made against her, nor any Judgment rendered against her in her individual capacity.

12

¶32. The trial court conducted a bench trial as to Dover's claim against FCMH, ultimately awarding Dover $49,500 in damages against FCMH. Following the bench trial, the trial court entered its order of final judgment as to FCMH's claim against Third-Party Defendant Farm Bureau. The final judgment provided:

> This comes before the court on the Third-Party Plaintiff's motion for partial summary judgment and also the Third-Party Defendant's motion for summary judgment. The court previously conducted a bench trial and resolved all issues between the plaintiff, Boyce Dover[,] and the defendant, Franklin County Memorial Hospital. The parties agreed that the issue involved in the Third-Party Complaint was one of law for the court to subsequently decide.

> Boyce Dover was on foot at the Wal-Mart store in Natchez, Mississippi[,] on June 14, 2002. Sydneye Marie Jordan was operating a private vehicle, insured by the Third-Party Defendant, which hit Dover in the parking lot on said date. Jordan was an employee of the Third-Party Plaintiff at the time, acting within the course and scope of her employment.

> Dover sued Franklin County Memorial Hospital and Jordan, specifically alleging that Jordan was within the course and scope of her employment with the hospital at the time. The initial answer of Jordan and the hospital specifically denied that allegation. Jordan and the hospital subsequently amended their answer to specifically admit that allegation. Apparently, Jordan was on an errand for the hospital at the time.

> Subsequent thereto, an order of dismissal was entered upon Jordan's motion to be dismissed. *This order was agreed to by all of the parties. Included in the order was a stipulation and agreement by the parties that on the occasion in question Jordan was in the course and scope of her employment with the hospital. It further provided for the dismissal with prejudice of "all claims which were or could have been raised herein against the individual Defendant, Sydneye Marie Jordan." Significantly, the order further provided that Jordan "may be retained in the pleadings and style of this case in a representative capacity, only, and no claim may be made against her, nor any judgment rendered against her in her capacity."*

> The court subsequently found after a bench trial Jordan to be 90% at fault, with the plaintiff Dover 10% at fault, and assessed total damages at $55,000.00 resulting in a final judgment of $49,500.00. The Third-Party Plaintiff argues that Jordan's auto liability carrier, the Third-Party Defendant,

13

is responsible for the damages. This argument is based primarily on the language of the insurance contract. The Third-Party Defendant argues that it has no liability or responsibility due to this action being pursuant to the Mississippi Torts Claims Act and the individual order of dismissal that was entered for Jordan.

The court has found none of the authorities cited by either party to be clearly dispositive of the issue before the court. The court finds persuasive the conclusion that the clear and unambiguous language of the *agreed order of dismissal with prejudice as to Jordan[,] individually, also operated to fully and completely release her individual auto insurance carrier, the Third-[P]arty Defendant, Mississippi Farm Bureau Mutual Insurance Company, from any and [all] responsibility or coverage*. *The court finds this persuasive because of the clear language of the dismissal order, and the absence of any reservation of rights or actions against Jordan's private auto insurance coverage*.

It is therefore ordered that summary judgment and final judgment be granted for the Third-Party Defendant, Mississippi Farm Bureau Mutual Insurance Company, on the claims of the Third-Party Plaintiff, Franklin County Memorial Hospital. It is further ordered that the Third-Party Complaint be dismissed with prejudice, with each of the parties to bear their respective costs, as already incurred.

(Emphasis added).

¶33. Mississippi Code Annotated Section 11-46-7 (Rev. 2002) provides, in pertinent part:

as follows:

(1) The remedy provided by this chapter against a governmental entity or its employee is *exclusive of any other civil action or civil proceeding* by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

(2) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, *but no employee shall be held personally liable for acts or omissions occurring within the course and scope*

*of the employee's duties.* For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense. . . . .

(5) *A governmental entity shall not be entitled to contribution <u>or indemnification</u>, or reimbursement for legal fees and expenses from its employee unless a court shall find that the act or omission of the employee was outside the course and scope of his employment.* Any action by a governmental entity against its employee and any action by an employee against the governmental entity for contribution, indemnification, or necessary legal fees and expenses shall be tried to the court in the same suit brought on the claim against the governmental entity or its employee. . . . .

(8) *Nothing in this chapter shall enlarge or otherwise adversely affect the personal liability of an employee of a governmental entity.* Any immunity or other bar to a civil suit under Mississippi or federal law shall remain in effect. The fact that a governmental entity may relieve an employee from all necessary legal fees and expenses and any judgment arising from the civil lawsuit shall not under any circumstances be communicated to the trier of fact in the civil lawsuit.

(Emphasis added).

¶34.   In *Mozingo v. Scharf*, 828 So. 2d 1246, 1256 (Miss. 2002), this Court held that under the MTCA, a governmental employee does not waive his/her immunity to the extent of the insurance policy limits if he/she has a personal insurance policy. The Court reasoned that a governmental employee's personal insurance policy is not subject to exposure for injuries caused by the employee in his/her capacity as an employee, during the course and scope of his/her employment. *Id.* The Court stated:

By having liability insurance, Dr. Scharf has not waived his immunity under the MTCA. We held in *Knight v. McKee*, 781 So. 2d 121 (Miss. 2001), that a physician who treats a patient in his capacity as an employee of UMMC does not waive his immunity by possessing professional liability insurance.

15

Likewise, ***the fact that Dr. Scharf possessed liability insurance is irrelevant to the inquiry as to whether he enjoys immunity under the MTCA***. *See also* Miss. Att'y Gen. Op. No. 96-0053, 1996 WL 88865 (Feb. 16, 1996) (***stating that governmental employee's personal policy is not subject to exposure for injuries resulting from torts committed during the course and scope of employment***).

*Mozingo*, 828 So. 2d at 1256 (emphasis added).[6]

## II.

¶35.    Despite the fact that under the MTCA, Jordan's personal insurance is not subject to exposure because of her role as a governmental employee acting within the course and scope of her employment as discussed above, the trial court instead reasoned that the agreed order of dismissal with prejudice as to Jordan barred any claim by FCMH against Farm Bureau. The trial court determined that the clear and unambiguous language of the agreed order of dismissal with prejudice as to Jordan, individually, operated to fully and completely release her individual auto insurance carrier, Farm Bureau, from any and all responsibility or coverage. As the trial court stated, "the clear language of the dismissal order and the absence of any reservation of rights or actions against Jordan's private auto insurance coverage" required that summary and final judgment be granted for Farm Bureau on FCMH's claims. The result reached by the trial court is correct.

---

[6]The Court in *Mozingo* distinguished between a governmental entity and a governmental employee when considering waiver of immunity to the extent of its insurance coverage under the MTCA. *Mozingo*, 828 So. 2d at 1256. The Court held: "Miss. Code Ann. § 11-46-17(4) has been interpreted by this Court as providing that only the governmental entity, not the employee, may be sued to the extent of its insurance coverage." *Id.* (citations omitted).

16

¶36. Based on the facts of this case, Farm Bureau had no duty to defend or to indemnify FCMH. Therefore, the trial court's judgment should be affirmed.

## III.

¶37. The trial court properly determined that Third-Party Defendant Mississippi Farm Bureau Mutual Insurance Company was entitled to summary and final judgment with prejudice as to all claims raised by Third-Party Plaintiff Franklin County Memorial Hospital. Therefore, I would affirm the final judgment of the Circuit Court of Franklin County, Mississippi.