**Robert E. PERCIVILL et ux.**

v.

**UNITED STATES of America**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Civ. No. 1454.

United States District Court
W. D. Texas,
Austin Division.

March 1, 1966.

Jesse L. Bartlett, Austin, Tex., for plaintiff.

Ernest Morgan, U. S. Atty., William O. Murray, Jr., First Asst. U. S. Atty., San Antonio, Tex., for defendant.

Coleman Gay and Don L. Baker, Austin, Tex., for third-party defendant.

FISHER, District Judge.

Plaintiffs, Robert E. Percivill and wife, Edna E. Percivill, originally brought this tort action jointly against the Defendants, The United States of America and Henry H. Smoke, alleging personal injuries and property damage caused by the negligent acts or omissions of an employee of the Government while acting within the scope of his employment.[1] The injuries and damages which are made the basis of this claim resulted from a rear-end collision near Farmington, Missouri, on August 9, 1963, between an automobile driven by the Plaintiff, Robert E. Percivill, and an automobile owned and operated by Henry H. Smoke, a civilian employee of the armed forces of the United States of America. Upon the motion of Defendant, United States of America, Henry H. Smoke was dismissed as a party defendant by Order of the Court on January 25, 1965.[2]

1. 28 U.S.C. § 1346(b) "Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

2. 28 U.S.C. § 2679 Exclusive of remedy "(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346 (b) of this title, and the remedies provided by this title in such cases shall be exclusive.
(b) The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.
(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General,

At the time of the accident, Smoke, en route to Red River Army depot, Texarkana, Texas, and acting in the scope of his employment, was insured under "Family Automobile Policy" No. 5192189, issued by Government Employees Insurance Company on April 26, 1963, covering the period March 23, 1963 to March 23, 1964.

The policy was in full force and effect at the time of the accident and, as here pertinent, obligated the insurer:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * * arising out of the ownership, maintenance or use of the * * * automobile * * * and the company shall defend any suit · * * * seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false, or fraudulent, but the Company may make such investigation and settlement of any claim or suit as it deems expedient."

The policy also contained an "omnibus clause" providing that the term "persons insured" included the named insured and "any other person or organization but only with respect to his or its liability because of acts or omissions * * *" the named insured.

The United States filed a third-party complaint against Government Employees Insurance Company, alleging that it is a third-party beneficiary and an "additional insured" under the terms of the policy in question. Government Employees Insurance Company filed a motion to dismiss which was denied by the Court on January 25, 1965.

A compromise settlement has been reached among all parties in interest, and it has been stipulated that personal injuries and property damage to the plaintiffs, Robert E. Percivill and Edna E. Percivill, amount to $25,000.00. Of this amount $17,500.00 is apportioned to the injuries received by Edna E. Percivill, and $7,500.00 is apportioned to the injuries received by Robert E. Percivill. Under the pleadings and stipulations, the only question before this Court is that of liability, if any, of the third-party defendant, Government Employees Insurance Company, to the United States.

The controversy before this Court has sprung from the Federal Tort Claims Act of 1946, and more especially from the 1961 amendments to this Act. (Approved September 21, 1961, effective March 24, 1962). Prior to the passage of the 1961 amendments, the Act allowed tort suits against the Government itself brought in Federal Courts. However, it did not protect the Government employee against damages assessed against him personally when sued in a State Court. In order to be assured of protection against personal liability the employee had to purchase insurance and pay for it out of his own pocket.

This additional expense for insurance coverage, arising solely out of the work which required the driving of motor vehicles on behalf of the Government, was determined by Congress to be an inequi-

---

and to the head of his employing Federal agency.

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect. June 25, 1948, c. 646, 62 Stat. 984; Sept. 21, 1961, Pub.L. 87–258, § 1, 75 Stat. 539."

table burden upon the government employee. The 1961 amendments to the Federal Tort Claims Act were passed to provide a solution to this problem. It was felt that,

" * * * the enactment of this amendment for the protection of the Government driver would afford the relief desired by him, for there would then be no point in his spending his own funds to take out liability insurance to protect him while operating motor vehicles in the scope of his employment for the Government. * * * "

1961 U.S. Code Congressional and Administrative News, pp. 2790–2791. The purpose of the amendments was " * * * to provide a method for the assumption by the Federal Government of responsibility for claims for damages against its employees arising from the operation by them of vehicles in the scope of their Government employment." 1961 U.S. Code Congressional and Administrative News p. 2785. Under these amendments, 28 U.S.C. § 2679(b), (c), (d) and (e), the remedy against the government in a case appropriately under the Federal Tort Claims Act is the sole remedy, excluding suits against employees in their individual capacity.

It is significant to point out that although a government employee is not required to purchase liability insurance to protect the Government or himself when acting in the course of employment, there is no bar to his ability to do so if he so chooses. The rights of the parties involved must be controlled by the terms of the insurance contract.

The decisions rendered since the passage of the 1961 amendments to the Act have been greatly influenced by two district court opinions prior to 1962, Rowley v. United States (D.Utah, 1956), 140 F. Supp. 295, and Irvin v. United States (D.S.Dak.1957), 148 F.Supp. 25. In *Rowley* the Court withheld approval of a tendered pro rata settlement of a tort action against the United States and the insurance company on the theory that there was no reason why the United States could not meet the policy definition of an "insured". In *Irvin* the Court

held that the United States was an insured and could recover the amount of its liability under the Federal Tort Claims Act from its employee's insurer.

The decisions subsequent to the 1961 amendments to the Act have pointed out that there is no indication in the Government Driver's Law that Congress intended to affect the then existing jurisprudence regarding the right of the United States to obtain indemnification from its employee's insurance carrier as an additional insured under the standard omnibus clause, and they have found the United States to be an "insured" within the meaning of the policy. Nistendirk v. United States, 225 F.Supp. 884 (W.D. Mo.); Vaughn v. United States, 225 F. Supp. 890 (W.D.Tenn.); Gahagan v. State Farm Mutual Automobile Insurance Company, 233 F.Supp. 171 (W.D. La.); Patterson v. United States, 233 F. Supp. 447 (E.D.Tenn.); Barker v. United States, 233 F.Supp. 455 (N.D.Ga.). (Appeal pending C.A. 5, No. 22677); Purcell v. United States, 242 F.Supp. 789 (D. Minn.); Adams v. United States, 241 F.Supp. 383 (S.D.Ill.). As stated in *Patterson*,

"The omnibus clause in question had been judicially construed in the Rowley and Irvin cases, supra, to include the United States as an additional insured. There is no authority construing 28 U.S.C. § 2679(b) to have in any way affected the validity of the prior judicial construction or had such a change as its purpose. The legislative history of 28 U.S.C. § 2679(b) indicates no such purpose. 1961 U.S. Code Cong. and Adm.News, p. 2784. And, as pointed out in the Irvin case, when the language of an insurance policy is chosen by the insurer, the policy will be construed strictly against the insurer and in favor of the insured if the policy is open to the construction contended for by the insured. Couch on Insurance, 2d Ed. Vol. 1, Sec. 15:-73."

The case most favorable to the position of the Government Employees Insurance Company is the recent decision in Myers v. United States, 241 F.Supp. 515 (M.D.

Tex. May 22, 1965) (appeal pending C.A. 5, No. 22830). In granting the insurer's (Government Employees Insurance Company) motion to dismiss the third-party complaint filed against it by the United States, the Court stated:

"Since, under the 1961 amendments to the Federal Tort Claims Act, the insured federal employee is not 'legally obligated' (liable) to Plaintiff Myers, the insurance company is not liable under its policy to the insured employee or to the Government as an additional insured."

This decision seems to hold contrary to the contractual provisions of the insurance policy, which terminology has been judicially construed by various courts in numerous cases adversely to the insurance company. Such policy does not speak in terms of liability of the insurance company *only* if the insured federal employee becomes "legally obligated" to pay damages arising from the ownership, maintenance or use of the automobile. Instead, the insurance company has obligated itself to pay damages which the additional "insured" has become "legally obligated" to pay as damages, and, as previously stated, the various Courts have held that the United States meets the definition of an "insured", as such term is defined by the insurance company in its policies. There is nothing in the policy which, in any way, indicates an intention to exclude the United States from the definition of an insured party under the insurance contract.[3]

The most recent case involving this same problem is Government Employees Insurance Company v. United States, 349 F.2d 83 (C.A. 10, Sept. 16, 1965). In affirming the lower court, which held the insurance company liable to the United States as an additional "insured", under the clause, "any person or organization legally responsible for the use" of the automobile, the Court stated:

"The Federal Tort Claims Act equates the United States with a private person. The Government Employees Insurance Company, itself, wrote the insurance policy and is bound by its own language consistent with prior judicial construction thereof. It must now fulfill its obligations to the United States of America as an insured and assume its contractual liability under the policy." The Court further held * * * "Suffice it to say that no additional risk is hereby imposed on the Government Employees Insurance Company, and no intrusion is made on its constitutional rights."

And the Court also stated, " * * * had it intended to escape such construction of the so-called omnibus clause and to divest itself of an obligation to the United States as an insured, it had ample opportunity to do so between 1957 and 1961 or 1962."

█ It is the opinion of this Court that the above cited case is squarely in point and is controlling on the question of liability. By retaining the same language in its policies after such language had been construed to its detriment by various Courts, the Government Employees Insurance Company acquiesced to the prior decisions. The insurer must assume responsibility for the obligations imposed upon it by the contract.

█ We, therefore, hold that the United States is an "additional insured" under the terms of the omnibus clause of the insurance policy in question. Judgment will be entered in favor of the plaintiffs, Robert E. Percivill and Edna E. Percivill against the United States of America, and in favor of third-party plaintiff, United States of America, against third-party defendant, Government Employees Insurance Company. Judgment to be prepared by Assistant U. S. Attorney, William R. Murray, and presented to the Court within fifteen (15) days from the date of this Opinion.

---

**3.** 241 F.Supp. Page 519, "After the issuance of the policy in question the Texas Insurance Commission, on August 1, 1962, promulgated a standard endorsement ex- cluding the United States as an 'insured' and excluding from liability coverage any accident covered by the Federal Tort Claims Act."