Paul T. EASTMAN, Plaintiff,

v.

UNITED STATES of America, Defendant, Third-Party Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Third-Party Defendant.

Mildred EASTMAN, Plaintiff,

v.

UNITED STATES of America, Defendant, Third-Party Plaintiff,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Third-Party Defendant.

Nos. IP 64–C–90, IP 65–C–181.

United States District Court
S. D. Indiana,
Indianapolis Division.

June 30, 1966.

was operating an automobile owned by him on government business arising out of and in the scope of his employment, and was involved in a collision with another vehicle operated by the plaintiff Paul T. Eastman. The accident resulted fatally to Mr. Brown and caused Mr. Eastman to suffer severe personal injuries, which are the subject of his suit. Eastman was driving a vehicle owned by his wife, the plaintiff Mildred Eastman, and damage to such vehicle is the subject of her action.

Originally, the claimant Paul T. Eastman filed a claim against the estate of the said Harold William Brown, as is provided by Indiana law. The Government determined that the decedent was acting within the scope of his employment with the United States at the time of said collision, and properly removed the suit to this court and caused itself to be substituted as the sole party defendant pursuant to Title 28 U.S.C. §§ 1346(b) and 2679(b). The Mildred Eastman case was filed directly in this court, with the Government named as sole defendant.

Thereafter, the Government interpled Government Employees Insurance Co. (hereinafter "GEICO") as third party defendant in each case, alleging that the Government was an insured under an automobile insurance policy issued by the third party defendant to the decedent, covering the vehicle which he was operating at the time of the collision. GEICO moved to dismiss the third party complaint in Cause No. IP 64-C-90, which motion was overruled by this Court on August 4, 1965 in a written opinion entered on such date. The Court adheres to its view of the law as stated in such opinion, and incorporates the same herein by reference. GEICO likewise made a motion to dismiss the third party complaint in Cause No. IP 65-C-181, which the Court overruled without further comment on the basis of its ruling in the first-mentioned case.

On the day assigned for trial of the consolidated cases, a stipulation for compromise settlement of the two principal

Feeney, Treacy & Ward, Indianapolis, Ind., for plaintiff.

Richard P. Stein, U. S. Atty., Indianapolis, Ind., for the Government.

Armstrong, Gause, Hudson & Kightlinger, Indianapolis, Ind., for third-party defendant.

## OPINION

DILLIN, District Judge.

The above related causes of action, heretofore consolidated for trial, were tried by the Court without the intervention of a jury. The Court having considered all of the evidence, and the post trial briefs of the respective parties, and being duly advised, expresses its findings of fact and conclusions of law in this written opinion, pursuant to Rule 52(a), F.R.Civ.P.

On May 28, 1963, one Harold William Brown was an employee of the United States Government. On such date, he

cases of the Eastmans was entered into by and between such plaintiffs, the Government, and GEICO, wherein it was stipulated that the Government would pay to the plaintiff Paul T. Eastman the sum of $35,875.00 in settlement of his claim, and to Mildred Eastman the sum of $1,625.00 in settlement of her claim. In the stipulations, GEICO agreed that the amounts to be paid in settlement were reasonable, and that it would pay to the United States the sum of $10,000 (its policy limit) in the Paul T. Eastman case, and the full agreed settlement of $1,-625.00 in the Mildred Eastman case if it be finally determined that it is liable to the Government as a result of the respective third party complaints, with interest as provided by law.

The United States and GEICO agreed that neither party, by entering into such stipulations, would waive any right to appeal from the decision of the Court as to the issues formed on the third party complaints. The stipulations for compromise settlement were each approved by the Court and the agreed amounts were paid by the Government to the respective plaintiffs on May 11, 1966.

The decedent Brown was first issued a policy of automobile insurance by GEICO on or about December 18, 1959. Numerous changes were made in the policy from time to time, primarily to reflect changes in the motor vehicles owned by Brown through the years. The policy was in effect on the date of the accident in question. The policy includes in its definition of persons insured, as to bodily injury and property damage liability, the following:

" * * * (c) any other person or organization legally responsible for the use of (1) an owned automobile * * * provided the actual use thereof is by a person who is an insured * * * with respect to such owned automobile. * * * "

It is not contested by GEICO that Brown was actually using an insured automobile at the time of the collision in question.

Since the 1961 amendment to the Federal Tort Claims Act, which amendment is commonly referred to as the Government Drivers Law, Title 28 U.S.C. §§ 2679(b) (c) (d) (e), there have been numerous cases decided by the federal courts construing clauses contained in insurance policies identical or substantially similar to the clause contained in this policy.[1] All but one of such decisions has held that the United States is an additional insured by virtue of the above-quoted clause including as an insured "any other person or organization legally responsible * * *."

The case in which the insurance carrier has prevailed in the trial court is Myers v. United States (N.D.Texas, 1965), 241 F.Supp. 515, (on appeal to the Court of Appeals for the Fifth Circuit, 363 F.2d 615). By coincidence GEICO is the insurance carrier involved as third-party defendant in such case. In *Myers* the policy provision

---

1. Government Employees Insurance Co. v. United States, 349 F.2d 83 (10th Cir., 1965); Purcell v. United States, 242 F. Supp. 789 (D.Minn., 1965); Adams v. United States, 241 F.Supp. 383 (S.D.Ill., 1965); Barker v. United States, 233 F. Supp. 455 (N.D.Ga., 1964); Patterson v. United States, 233 F.Supp. 447 (E.D. Tenn., 1964); Gahagan v. State Farm Mutual Auto Ins. Co., 233 F.Supp. 171 (W.D.La., 1964); Vaughn v. United States, 225 F.Supp. 890 (W.D.Tenn., 1964); Nistendirk v. McGee, 225 F.Supp. 883 (W.D.Mo., 1963); United States v. National Insurance Underwriters, unreported decision (S.D.Miss. No. 3549(J), decided July 7, 1965); United States v. State Farm Mutual Automobile, unreported decision (D.Ore., No. 64–398, decided July 6, 1965); Chatham v. Hunt, unreported decision (M.D.Ga., No. 1972, decided Dec. 30, 1964); Davenport v. United States, unreported decision (S.D.Iowa, No. 6–1533–C, decided Oct. 16, 1964); Schuessler v. United States, unreported decision (E.D.Ill., No. 5250, decided June 15, 1964); Blagg v. United States, unreported decision (W.D.Ark., Nos. 1768 and 1680, decided April 16, 1964); Helms v. United States, unreported decision (W.D.N.C., Nos. 1735 and 1736, decided August 1963); Gabriel v. United States, unreported decision (W.D.Va., No. 64–C–3–D).

involved is identical to that in this case. The named insured government employee had stated in his current 1962 application for insurance that he did not use his vehicle for business purposes. The Court holds that GEICO did not intend to insure the Government, and should therefore not be held. It bases its inference of fact on a stipulation to the effect that subsequent to the 1961 amendments, GEICO issued a "Family Automobile Policy" to Government employees, which policy excluded a job description or the word "business" in the coverage section. It was further stipulated that had the policy been written to include "business" use, the named insured would have paid a 40% higher premium and that prior to the 1961 amendments GEICO would have required the employee to be rated in the "business" class, had he indicated that his car would be driven on business for the United States.

In the cases at hand, GEICO attempted a similar approach. It proved that Brown's original 1959 application stated no business use. (However, it offered no proof that the application was false when made, nor that Brown ever at any time used one of his insured vehicles on Government business save on the occasion of the accident in question). Moreover, its evidence regarding the "Family Automobile Policy" is substantially different from the stipulation in the Myers case. Here its evidence was that after the 1961 amendments it immediately stopped writing insurance as business risks for all employees of the federal government using their automobiles in the scope of their employment and amended its classification rule to provide that *"federal employees using their own automobile(s) in government business would be entitled to the lower class 1 pleasure rate."*

Another substantial difference between our cases and the Myers case, which might well have influenced the thinking of the court there, is that after the issuance of the policy in that case, but before the accident, the Texas Insurance Commission promulgated a standard endorsement excluding the United States as an "insured" and excluding from liability any accident covered by the Federal Tort Claims Act. Indiana has taken no such action.

It is our opinion that GEICO's testimony merely establishes that it made a unilateral mistake of law in 1961 when it concluded at, or shortly after the passage of the Government Drivers Law that such law automatically removed the United States as an additional "insured" under its policy. It could have changed its policy at any time to exclude the government from such definition. The fact that it did not do so, and apparently has not done so to this date, despite the adverse holding before the 1961 amendment in Irvin v. United States (D.S.Dak.1957), 148 F.Supp. 25, and the multitude of cases after the amendment, proves nothing more nor less than that the company has stubbornly refused to give effect to the clear and unambiguous policy clause providing that any person or organization legally responsible for the use of an owned automobile operated by the named insured is covered. Certainly there can be no question in our cases but that the United States was "legally responsible" for the use of the Brown automobile at the time of the collision in question, as evidenced by its own admission, and by the stipulations of settlement in which GEICO concurred.

GEICO's argument relative to the premiums charged Brown is self-defeating, since under its own testimony and pursuant to its unilateral mistake of law, the premium which Brown would properly have paid after 1961 would have been the same, whether he used his car in his work or otherwise. It is hornbook law that a unilateral mistake of law does not entitle the person in error to relief. Heath v. A. B. Dick Company (7th Cir., 1958), 253 F.2d 30; 17 C.J.S. Contracts § 145. We do not hesitate to characterize the mistake as unilateral, because GEICO wrote its own policy and sold it by mail, without negotiation of any kind. Certainly there can be no basis for an infer-

ence that Brown or any other federal employee, knowing nothing and caring less about GEICO's past or present rating practices, would have shared with GEICO an "intent" to exclude the Government from the definition of insured based on such practices and not on the plain wording of the policy.

 One other case should be distinguished. In Gipson v. Shelley (E.D. Tenn.1963) 219 F.Supp. 915, the court refused to join GEICO as a third-party defendant in an action similar to these on the ground that it could not possibly be liable to the Government. The court's conclusion was that the insurance carrier could not be liable unless the named insured, Shelley, was legally obligated to pay damages to the plaintiff, which was impossible under the 1961 amendment. No mention was made of a policy clause like that in Brown's policy, including "any other person or organization responsible * * *" as an insured. We therefore must conclude that the policy involved in *Gipson* differed in this essentian element from that before us, and the case is thus clearly inapplicable on its facts.

We therefore find for the Government on each of its third-party complaints herein, and that it recover from GEICO the sum of $10,000.00 in the Paul T. Eastman case and the sum of $1,625.00 in the Mildred Eastman case, together with interest at the rate of 6% per annum from May 11, 1966 until paid, and costs.

 In addition to the sums to which we have found it to be entitled, the Government also seeks to recover its attorneys fees herein. Although the general rule is that breach of the duty to defend an action will entitle the insured to recover the reasonable value of its attorneys' fees in defending the suit itself, we are not persuaded that such rule should apply in this case. The Government here never made an unconditional tender of the defense, but only invited GEICO to "participate" therein, making clear that it would not relinquish the "over-all control." Further, the Gov-

ernment's proof failed to distinguish between time spent on the principal cases and that expended on the third-party complaint, thus leaving its actual time spent on the principal cases a matter of speculation. We therefore find for GEICO on this issue, and that the Government take nothing with respect thereto.

The Clerk will prepare appropriate judgment entries in accordance herewith.