Thomas TAGGERT and Mae Taggert, his wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 8798.

United States District Court
M. D. Pennsylvania.

Jan. 18, 1967.

Fierro & Miele, Williamsport, Pa., for plaintiffs.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM

FOLLMER, District Judge.

The plaintiffs instituted this action against Edward Peterson Kruse, Jr., to recover damages for injuries alleged to have been sustained in an automobile accident. Subsequently, the United States of America was substituted as defendant because the said Edward Peterson Kruse, Jr., was an employee of the United States and was acting within the scope of his employment at the time of the said accident and under 28 U.S.C. § 2679(b) the exclusive remedy is against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Then the United States filed a motion to join as third-party defendants, Government Employees Insurance Company (GEIC), an insurance carrier which insured the Government employee, Kruse, and Pennsylvania National Mutual Casualty Insurance Company (PNMCIC), which insured the vehicle being operated by Kruse at the time of the accident with the permission of the owner, Charles Greico. Briefs have been filed, the motion has been argued and is currently before this Court for determination.

The basic question is whether the United States is entitled to recover as an additional "insured" under the automobile policies issued by GEIC to Kruse and by PNMCIC to GREICO. The language of the contracts and the cases which have been decided interpreting the language thereof clearly show that the

United States is an additional "insured" thereunder. United States v. Myers, 363 F.2d 615 (5th Cir. 1966); Government Employees Insurance Company v. United States, 349 F.2d 83 (10th Cir. 1965), cert. denied 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539 (1966); Adams v. United States, 241 F.Supp. 383 (S.D.Ill.1965); Percivill v. United States, 252 F.Supp. 157 (W.D.Tex.1966).

██ It is also argued that the United States has not complied with conditions precedent for recovery. This is in error in that by letters dated September 28, 1966 to GEIC and PNMCIC, the Government tendered the defense of this action. Moreover, although the case pending before the court is an action ex delicto while the cause of action which the Government may have under the insurance contract is an action ex contractu, this is no bar to joinder under Rule 14 of the Federal Rules of Civil Procedure.

█ The potential conflicts between the duties of the Attorney General and/or the United States Attorney to defend and the policy provision which gives the insurer complete control of the defense of claims is not an insurmountable obstacle, and does not operate to exclude the United States from insurance coverage. Adams v. United States, supra, 241 F.Supp. at 385; United States v. Myers, supra, 363 F.2d at 620–621.

█ The final objection that warrants discussion is that it was not within the reasonable contemplation of the insurance carrier (PNMCIC) that the car owned by Grieco would be operated by a Government employee. The omnibus definition of "an insured" completely negates this argument. See Adams v. United States, supra, 241 F.Supp. at 385. Any other objections not specifically covered herein are overruled.

Accordingly, the motion of the United States to join Government Employees Insurance Company and Pennsylvania National Mutual Casualty Insurance Company as third-party defendants will be granted.