**Fred T. MORGAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**UNITED STATES of America, Third-Party Plaintiff,**

v.

**STANDARD MUTUAL INSURANCE COMPANY, Third-Party Defendant.**

**Civ. A. No. P-2929.**

United States District Court
S. D. Illinois, N. D.

Feb. 1, 1968.

Lyle W. Allen, Peoria, Ill., Marion L. Beal, Monmouth, Ill., for plaintiff.

Richard E. Eagleton, U. S. Atty., and James G. Hatcher, Asst. U. S. Atty., for third-party plaintiff.

Richard E. Eagleton, U. S. Atty., and James G. Hatcher, Asst. U. S. Atty., for defendant.

Burrel Barash, Galesburg, Ill., for third-party defendant.

### OPINION AND ORDER ON MOTION TO DISMISS THIRD–PARTY COMPLAINT

ROBERT D. MORGAN, District Judge.

Plaintiff's suit against the United States for personal injuries is filed pursuant to the provisions of the Federal Tort Claims Act. 28 U.S.C.A. §§ 1346 (b), 2671 et seq. His complaint alleges that he was injured as the proximate re-

sult of the negligent operation by Charles Shunick, Jr. of the latter's automobile. It further alleges that Shunick was an employee of the United States Post Office Department, and that he was at the time of the accident and injury acting within the scope of his employment.

The United States filed a third-party complaint against Standard Mutual Insurance Company, alleging that the Insurance Company was the liability insurer of Shunick and that the United States was an additional insured under the omnibus clause of the liability policy issued to Shunick. It prayed judgment against the Company for all sums adjudged against the United States in plaintiff's suit, its costs and the reasonable value of attorney's fees incurred by it in the defense of plaintiff's suit.

The cause is before the court upon the motion of the Insurance Company to dismiss the third-party complaint on the ground that it does not state a cause of action. That motion appears to the court to be without merit.

The only issue is whether the policy must be construed to include the United States within the policy definition of "persons insured."

The policy defines "persons insured" to include: "(c) Any other person or organization legally responsible for the use of (1) an owned automobile, or (2) a non-owned automobile, if such automobile is not owned or hired by such person or organization, provided the actual use thereof is by a person who is an insured * * *."

The policy of insurance issued by third-party defendant lists Charles Shunick, Jr. as the named insured, and his occupation as that of postal clerk for the United States Government.

The reported Tort Claims Act cases, with two exceptions, appear to have universally held that the United States is an "insured' under policy provisions similar or identical to that quoted above. The two exceptions are both cited by the third-party defendant here. They are Myers v. United States, N.D.Tex., 241 F. Supp. 515, and Gipson v. Shelley, E.D. Tenn., 219 F.Supp. 915. The *Myers* case was reversed by the Court of Appeals. United States v. Myers, 5 Cir., 363 F.2d 615. The judge who wrote the *Gipson* opinion restated his views in McCrary v. United States, E.D.Tenn., 235 F.Supp. 33, 38, but there held, in deference to the majority view expressed in conflicting opinions by other judges of his district, that the United States was an "insured" in a Tort Claims Act case. It thus appears that neither of those cases provides authoritative support for the third-party defendant's position.

The third case, upon which reliance is placed by third-party defendant, involves only the question whether the United States would be substituted as a defendant in a personal injury suit filed against a government employee personally. Lipinski v. Bartko, W.D.Pa., 237 F.Supp. 688.

Judge Frederick O. Mercer, writing for this court in 1965, held the government to be an "insured" in Adams v. United States, S.D.Ill., 241 F.Supp. 383. Other cases stating that almost universal view include Government Employees Ins. Co. v. United States, 10 Cir., 349 F.2d 83, cert. denied 382 U.S. 1026; United States v. Myers, 5 Cir., 363 F.2d 615; Taggert v. United States, M.D. Pa., 262 F.Supp. 572. See cases cited in Government Employees Ins. Co. v. United States, 349 F.2d at 86, note 4. This court adheres to the principle pronounced in those cases.

The motion to dismiss the third-party complaint is denied.