## Richmond

SOUTHSIDE DISTRIBUTING COMPANY, INC., ET AL. V. THE TRAVELERS INDEMNITY COMPANY.

UNITED INSURANCE COMPANY OF AMERICA, ET AL. V. THE TRAVELERS INDEMNITY COMPANY.

June 12, 1972.

Record Nos. 7838 and 7839.

Present, I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Frank D. Harris* (*Harris & Matthews*, on brief), for appellants in Record No. 7838.

*Richard W. Schaffer* (*Sands, Anderson, Marks and Clarke*, on brief), for appellants in Record No. 7839.

*M. Wallace Moncure, Jr.* (*Moncure & Cabell*, on brief), for appellee in Record Nos. 7838 and 7839.

Per Curiam.

Robert Ashworth, an employee of Southside Distributing Company, Inc., was injured on June 4, 1968, in an accident involving a Southside vehicle in which he was a passenger. He brought suit to recover for his injuries against Southside; Wiltshire M. Simmons, Jr.,

a fellow employee who was driving the Southside vehicle; Jack C. Robinson, owner and operator of the other vehicle involved in the accident; and Robinson's employer, United Insurance Company of America.

Southside attempted to invoke the protection of its motor vehicle liability policy issued by The Travelers Indemnity Company. Travelers denied coverage and instituted this declaratory judgment proceeding, alleging that Southside's claim was outside the scope of its policy as Ashworth was an employee and the policy explicitly denied coverage under these circumstances. Before a decision was rendered by the court in this proceeding, the personal injury action brought by Ashworth, in which he took a non-suit as to the individual defendants, resulted in a jury verdict in favor of Ashworth against Southside and United in the sum of $125,000. Judgment was entered on that verdict and, as no appeal was taken, the judgment became final.

The declaratory judgment proceeding was submitted to the lower court on depositions, briefs and arguments of counsel. By order entered January 7, 1971, the court ruled that Ashworth was Southside's employee at the time of the accident, that two provisions of the Travelers policy expressly excluded the coverage which Southside sought to invoke, and that the exclusions were valid.

We granted Southside and United writs of error to determine whether the court erred in ruling that Travelers was not obligated under its policy to pay the judgment obtained by Ashworth against Southside and to pay any judgment against Southside in a contribution action which might be brought by United.

The first exclusionary provision in the Travelers policy relied on by the lower court was the employee exclusion found in clause III(a)(2), reading as follows:

"III.  DEFINITION OF INSURED.

"(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.  The insurance with respect to any

person or organization other than the named insured or such spouse does not apply:

\* \* \*

"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.\*\*\*"

The court's reliance on this provision was clearly misplaced. Clause III(a)(2) applies only "to any person or organization other than the named insured . . .". As Southside was the named insured, this exclusion by its terms was inapplicable.

The second provision on which the ruling of the lower court was based was the employee exclusion found in clause (d) of the policy Exclusions, reading as follows:

"EXCLUSIONS

"This policy does not apply:

\* \* \*

"(d)\*\*\*to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured; \*\*\*"

Although we upheld the validity of a provision identical to this exclusion in *Aetna Casualty & Insurance Co.* v. *Kellam*, 207 Va. 736, 152 S.E.2d 287 (1967), and in *Stillwell* v. *Iowa Mutual*, 205 Va. 588, 139 S.E.2d 72 (1964), those cases arose before the "omnibus clause", Va. Code Ann. § 38.1-381(a) (Cum. Supp. 1968) was amended by the enactment of § 38.1-381(a2) by the General Assembly in 1966[1]. Moreover, as we noted in *Fidelity and Casualty*

---

[1] "§ 38.1-381. **Liability insurance on motor vehicles and watercraft; standard provisions, 'omnibus clause'.**—(a) No policy or contract of bodily injury liability insurance, or of property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle or any private pleasure

*Co.* v. *Futrell,* 211 Va. 751, 180 S.E.2d 502 (1971), the discussion of Exclusion (d) in *Kellam* was unnecessary to the decision of that case.

We conclude that the purpose of § 38.1-381(a2) was to prohibit the issuance of policies containing exclusions permitted under our previous interpretation of the "omnibus clause". Otherwise, the statute would accomplish nothing. Accordingly, we hold that the "omnibus clause", as amended by § 38.1-381(a2), prohibits any exclusions from policy coverage except those expressly provided for by statute. Exclusion (d) explicitly purports to limit the coverage provided by III(a) of the Travelers policy, which was required by § 38.1-381(a). Since its exclusion is not expressly permitted by statute, it is void.

*Reversed and final judgment.*

---

vessel, ship, boat or other watercraft, shall be issued or delivered in this State to the owner of such vehicle or such watercraft, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle or any private pleasure vessel, ship, boat or other watercraft then principally garaged or docked or principally used in this State, unless it contains a provision insuring the named insured and any other person responsible for the use of or using the motor vehicle or private pleasure vessel, ship, boat or other watercraft with the consent, expressed or implied, of the named insured, against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle or such watercraft by the named insured or by any such person;***"

\* \* \*

"(a2) Any endorsement, provision or rider attached to, or included in, any such policy of insurance which purports or seeks in any way to limit or reduce in any respect the coverage afforded by the provisions required therein by this section shall be wholly void."