UNITED STATES of America,
Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
INC., Defendant.

Civ. A. No. 75–256–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

March 17, 1976.

Roger T. Williams, Asst. U. S. Atty., Norfolk, Va., for plaintiff.

J. Carroll Fears, Jr., Norfolk, Va. (Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va.), for defendant.

## OPINION AND ORDER

CLARKE, District Judge.

This matter is before the Court for disposition on its merits pursuant to a stipulation of facts entered into by the parties. The Court has received legal memoranda from the parties and is of the opinion, after receiving the memoranda, that oral argument would not be helpful in reaching a decision in the case. Oral argument, therefore, is dispensed with in accordance with a Consent Order entered January 9, 1976.

In this action, the United States asks for a Declaratory Judgment establishing the rights, duties and liabilities of the Government Employees Insurance Company, Inc. [hereinafter referred to as GEICO], under an automobile insurance policy and compensatory damages for breach of the insurance contract. Specifically, the United States is seeking indemnity as an additional insured under an automobile liability policy issued to Herbert L. Moore by the defendant GEICO for payments made by the Government pursuant to the Federal Tort Claims Act. Jurisdiction is founded upon 28 U.S.C. § 1345, the United States being the plaintiff in this suit.

## FINDINGS OF FACT

GEICO issued an automobile liability policy (No. 665–14–25) to Herbert L. Moore covering the operation of Mr. Moore's 1967 Mercury automobile. The policy was in effect when, on April 20, 1973, Mr. Moore was involved in a collision with one Joe Keen in Franklin, Virginia. The collision occurred while Mr. Moore, a civilian employee of the Department of Navy, was operating his automobile in the scope of his employment.

Pursuant to the provisions of 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–2680, Keen asserted a claim against the United States and the United States accepted liability. There is no claim that the acceptance of liability by the Government amounted to a breach of the terms of the policy and no such issue is raised in this case. The United States, claiming that it was an additional insured under the automobile liability policy issued to Moore, demanded that GEICO assume responsibility for the claim and, if it did not, stated that the United States would negotiate and settle the claim with Keen and then seek indemnity from GEICO. GEICO denied that the United States was an insured under said policy and refused to accept the claim. The United States paid Keen Fifteen Thousand Dollars ($15,000) in full settlement of his claim for bodily injuries and his unassigned interest in his property damage and paid One Thousand Five Hundred

Fifty Dollars and Seventy-Two Cents ($1,550.72) to his property damage assignee, the United States Fidelity & Guarantee Company, his collision carrier, in settlement of his total property damage. Thereafter, the United States commenced this action against GEICO seeking indemnification for settlement of Keen's claim.

## CONCLUSIONS OF LAW

At issue is whether GEICO by written endorsement may exclude the United States as an additional insured or whether such exclusion is forbidden by the Virginia "omnibus clause" statute.[1]

GEICO does not contest that prior to 1961, a person injured due to the negligent operation of a motor vehicle by an employee of the Federal Government while in the scope of his employment could seek damages under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b),

2671 et seq. If the Federal employee had automobile liability coverage from a private insurance carrier, the United States, in turn, could seek indemnity under the policy's omnibus clause. The indemnity was possible because of judicial decisions which held that the United States was an additional insured under the language of the omnibus clause. *See, Irvin v. United States,* 148 F.Supp. 25 (S.D.1957); *Rowley v. United States,* 140 F.Supp. 295 (Utah 1956).

In 1961, the Federal Tort Claims Act was amended to provide, in essence, that the remedy embodied in the Federal Tort Claims Act was to be "exclusive of any other civil action or proceeding by reason of the same subject matter against the employee" for property damage or personal injury resulting from the operation of any motor vehicle while acting within the scope of his employment.[2] Subsequent to the effective date of this amendment in March 1962,

---

1. Va.Code Ann. § 38.1–381 (1950, as amended) provides as follows:

"(a) No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, aircraft or any private pleasure vessel, ship, boat or other watercraft, shall be issued or delivered in this State to the owner of such vehicle, aircraft or watercraft, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle, aircraft or any private pleasure vessel, ship, boat or other watercraft then principally garaged or docked or principally used in this State, unless it contains a provision insuring the named insured and any other person responsible for the use of or using the motor vehicle, aircraft or private pleasure vessel, ship, boat or other watercraft with the consent, expressed or implied, of the named insured, against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle, aircraft or such watercraft by the named insured or by any such person; provided, that every automobile liability insurance policy or contract, or endorsement thereto, insuring private passenger automobiles principally garaged and/or used in Virginia, and every policy of liability insurance, contract or endorsement thereto insuring aircraft, private pleasure vessels, ships, boats or other watercraft principally docked or

used in Virginia, when the named insured is an individual or husband and wife, which includes with respect to any liability insurance provided by the policy, contract or endorsement for use of a nonowned automobile, aircraft or private pleasure watercraft, any provision requiring permission or consent of the owner of such automobile or such watercraft in order that such insurance apply shall be construed to include permission or consent of the custodian in such provision requiring permission or consent of the owner; provided, however, that in the case of aircraft liability insurance, such policy or contract may contain the exclusions enumerated in § 38.1–389.2; provided, however, notwithstanding any other provisions of law, no policy or contract shall require pilot experience greater than that prescribed by the Federal Aviation Agency, except for those pilots operating air taxis.

2. The Federal Drivers Act, 28 U.S.C. § 2679(b)–(e) contains the following provision:

"(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

private automobile insurance carriers began to assert that the United States no longer fell within the omnibus clause of automobile policies by operation of law. In general, this contention of the insurance industry has not been successful. The courts adhere to the position that the purpose of 28 U.S.C. § 2679(b) is to relieve Federal employees of the burden of insuring themselves against motor vehicle accidents occurring within the scope of their employment, but that Federal employees are not prohibited from acquiring insurance coverage for such accidents. *United States v. Myers*, 363 F.2d 615, 620 (5th Cir. 1966). If insurance coverage is available to Federal employees for accidents occurring in the scope of their employment, the courts have held that an insurance company is bound by the terms of its contract and prior judicial decisions which have interpreted omnibus clauses to include the Federal Government as an additional insured.[3] The 1961 amendment to the Federal Tort Claims Act (Federal Drivers Act), therefore, has not altered the legal conclusion that the United States is an additional insured under an automobile policy's omnibus clause.

The insurance industry responded to decisions holding that the United States is an additional insured in policies written after 1962 by seeking permission from Insurance Commissions in many states to endorse policies to exclude coverage of a Federal employee while operating his automobile on Government business. (Exhibit 4—Affidavit of Bartlett R. Hendrickson, Vice President, Home Office Underwriting Dep't, GEI-

CO) For example, in an action similar to the instant case, the Government sought to hold the private insurance carrier responsible for all damages resulting from the negligent operation of an automobile by the insured while on Government business. *Government Employees Insurance Company v. United States*, 400 F.2d 172 (10th Cir. 1968). The Court of Appeals for the Tenth Circuit was confronted with an endorsement to the insured's policy excluding the United States as an omnibus clause insured. The Government asserted that the endorsement was not properly made a part of the insurance contract. Finding that the endorsement was a part of the contract governing the relationship of the insurance company and the United States, the Court concluded that the terms of the endorsement precluded the Government from coverage. *Cf. Stephan v. Madison*, 223 F.Supp. 256 (E.D. N.Y.1963).

In Virginia, the efforts of the insurance industry have resulted in Administrative Order No. 6680, dated June 28, 1962, and Administrative Order No. 6857, dated July 9, 1974, issued by the State Corporation Commission. The State Corporation Commission is charged by Virginia law with the regulation of the insurance industry. Each of these orders approve identical standard endorsement forms excluding the United States from the omnibus clause incorporated by statute into all Virginia automobile liability insurance policies as well as excluding the named insured from liability coverage in claims cognizable under 28 U.S.C. § 2679.[4] The defendant GEICO incorpo-

---

3. *See, e. g. United States v. Myers*, 363 F.2d 615 (5th Cir. 1966); *Government Employees Ins. Co. v. United States*, 349 F.2d 83 (10th Cir. 1965); *Harleysville Ins. Co. v. United States*, 363 F.Supp. 176 (E.D.Pa.1973); *Morgan v. United States*, 280 F.Supp. 198 (S.D.Ill. 1968); *Taggert v. United States*, 262 F.Supp. 572 (M.D.Pa.1967); *Eastman v. United States*, 257 F.Supp. 315 (S.D.Ind.1966); *Percivill v. United States*, 252 F.Supp. 157 (W.D.Texas 1966); *Gahagan v. State Farm Mutual Automobile Ins. Co.*, 233 F.Supp. 171 (W.D.La. 1964); *Barker v. United States*, 233 F.Supp. 455 (N.D.Ga.1964); *Patterson v. United States*, 233 F.Supp. 447 (E.D.Tenn.1964); *Nistendirk*

*v. United States*, 225 F.Supp. 884 (W.D.Mo. 1964). *Contra, Gipson v. Shelley*, 219 F.Supp. 915 (E.D.Tenn.1963), *not followed in McCrary v. United States*, 235 F.Supp. 33 (E.D.Tenn. 1964).

4. The approved endorsement form:
"FEDERAL EMPLOYEES USING AUTOMOBILES IN GOVERNMENT BUSINESS—786: It is agreed that the policy does not apply under the Liability Coverages to the following as insureds:

"1. The United States of America or any of its agencies;

rated the approved endorsement, "Federal Employees Using Automobiles in Government Business—A786," into its automobile liability insurance contract with the insured, Herbert L. Moore.[5]

Notwithstanding the administrative directives of the State Corporation Commission and the embodiment of the approved endorsement form into GEICO's automobile insurance policy, the United States contends that Virginia law prohibits exclusion of the Government from the operation of Virginia's omnibus clause. Specifically, the United States maintains that Section 38.1–381(a2) of the Virginia Code Annotated (1950, as amended) by its terms and as interpreted by the Supreme Court of Virginia make any endorsements in contravention of Va.Code Ann. § 38.1–381(a) wholly void. The Government, therefore, seeks to be classified as an additional insured under Virginia insurance law so as to qualify as an indemnitee under the automobile policy of Herbert L. Moore.

GEICO defends its use of the A786 endorsement form on the theory that the interpretation of Va.Code Ann. § 38.1–381(a2) asserted by the United States would "thwart the very intent and purpose" of the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e). GEICO contends, therefore, that the Virginia statute should be construed in such a manner as to avoid contradictory construction of the state and federal statutes.[6] In support, GEICO points to the administrative action of the State Corporation Commission in twice approving the endorsement form utilized by the defendant. GEICO also takes comfort in the language of *Southside Distributing Company v. Travelers Indemnity Company,* 213 Va. 38, 189 S.E.2d 681 (1972), prohibiting any exclusions from policy coverage except those expressly provided for "by statute" contending that the Federal Drivers Act qualifies as such a statute.

Superficially, the Virginia statute and the Federal statute under consideration do not appear to harmonize. As such, the Court must ascertain whether the Virginia statute violates the Supremacy Clause of the United States Constitution (Art. VI, Cl. 2) which provides as follows:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

Before reaching the constitutional question, however, the Court must determine the construction of the two statutes in issue. *Perez v. Campbell,* 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233, 239 (1971).

"2. Any person, including the named insured, with respect to bodily injury or property damages resulting from the operation of an automobile by such person as an employee of the United States Government while acting within the scope of his office or employment, if the provisions of Section 2679 of Title 28, United States Code (Federal Tort Claims Act) as amended, require the Attorney General of the United States to defend such person in any civil action or proceeding which may be brought for such bodily injury or property damage, whether or not the incident out of which such bodily injury or property damage arose has been reported by or on behalf of such person to the United States or the Attorney General."

5. Unlike the factual situation in *Government Employees Ins. Co. v. United States,* 400 F.2d 172 (10th Cir. 1968), the parties concede that the endorsement was a part of the insurance contract entered into by Moore and not a later modification. Exhibit 1, a copy of GEICO's standard policy, contains the endorsement as a part of the single document.

6. Defendant's memorandum of law states his position succinctly:

"It is obvious that if this state legislation is permitted to control here, and the endorsement held to be void, then federal employees will be in exactly the same position they were before the Federal Drivers Act was passed, that is, carrying liability insurance for the benefit of the United States with consequent increase in premiums." (p. 6)

Under the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e), Government employees are relieved of the burden of personal liability for accidents occurring while in the scope of their Government employment. *Carr v. United States,* 422 F.2d 1007, 1009 (4th Cir. 1970). This legislative aim was to be accomplished by adoption of 28 U.S.C. § 2679(b), which limits the remedy of one injured in an accident resulting from the operation of a motor vehicle by a Government employee while acting in the scope of his employment exclusively to the Federal Tort Claims Act. The motivating reason for enactment of 28 U.S.C. § 2679(b) is set forth in *Carr, supra* at 1012, wherein the Court of Appeals for the Fourth Circuit stated, "The legislative history to which we have already referred makes it clear that Congress was moved by the fact that automobile accident insurance placed such a heavy financial burden on government drivers that it was adversely affecting morale and making it difficult for the government to attract competent drivers into its employ."

The Virginia statute to be compared to the Federal Drivers Act provisions is Va.Code Ann. § 38.1–381(a2) (1950, as amended) which provides as follows:

"(a2) Any endorsement, provision or rider attached to, or included in, any such policy of insurance which purports or seeks in any way to limit or reduce in any respect the coverage afforded by the provisions required therein by this section shall be wholly void."

Subsection (a2) has been authoritatively interpreted in *Southside Distributing Company v. Travelers Indemnity Company,* 213 Va. 38, 189 S.E.2d 681 (1972) as to the statute's purpose. The Supreme Court of Virginia reached the following conclusion:

"We conclude that the purpose of § 38.1(a2) was to prohibit the issuance of policies containing exclusions permitted under our previous interpretation of the 'omnibus clause.' Otherwise, the statute would accomplish nothing. Accordingly, we hold that the 'omnibus clause,' as amended by § 38.1–381(a2), prohibits any exclusions from policy coverage except those previously provided for by statute." *Id.* 189 S.E.2d at 683.

The Virginia Court adopted the holding in *Southside Distributing* despite having previously held that certain policy exclusions could be made. The Court noted, however, that the earlier cases "arose before the 'omnibus clause,' Va.Code Ann. § 38.1–381(a) (Cum.Supp.1968) was amended by the enactment of § 38.1–381(a2) by the General Assembly in 1966." *Id.* 189 S.E.2d at 683.

Both statutes in question have been authoritatively construed thereby crystallizing the constitutional question of whether the statutes conflict. From the foregoing, it is evident that in the simplest terms, the Federal and State statutes in issue share a common purpose of affording maximum protection to the operator of a motor vehicle. In and of themselves, however, parallel purposes are not determinative of whether two laws are in conflict. As stated in *Florida Lime and Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248, *reh. denied,* 374 U.S. 858, 83 S.Ct. 1861, 10 L.Ed.2d 1082 (1963), "the test of whether both federal and state regulations may operate, or the state regulation must give way, is whether both regulations can be enforced without impairing the federal superintendence of the field, not whether they are aimed at similar or different objectives." *Id.* at 1217, 10 L.Ed.2d at 256. Consequently, the operation of the statutes must be examined.

The Federal statute [§ 2679(b)] immunizes Federal employees from suit for negligently operating a motor vehicle while in the scope of their Government employment. In comparison, the Virginia statute [§ 38.1–381(a2)] insulates the insured from limitations placed on his insurance coverage in the form of non-statutory exclusions from the omnibus clause of the insurance contract. The concurrent operation of the Federal and

State statutes have the result of making a Federal employee's automobile liability insurance carrier an indemnitor of the United States for the negligence of its employees. As conceded by GEICO, repeated judicial decisions have held that 28 U.S.C. § 2679(b) does not preclude indemnification of the Government in the absence of an exclusion of the United States as an additional insured.[7]

GEICO asserts that a Federal employee is not required to carry liability insurance for the operation of a motor vehicle on Government business because the purpose of § 2679(b) is to eliminate the necessity of private liability insurance coverage. Under the Virginia insurance scheme, a Federal employee has the protection of both private insurance coverage and the Federal Drivers Act if he so chooses. GEICO's theory of the case is that the insured Federal employee is prejudiced by this allegedly duplicitous coverage because he must pay insurance premiums for unneeded coverage. To correct this situation, GEICO contends that the A786 endorsement form allows a distinction between personal use and Government use which results in lower insurance rates for the privately insured Federal employee.

■ GEICO's argument is essentially an attempt to gain the freedom to insert a non-statutory omnibus clause exclusion into its automobile liability policies. As previously considered, Virginia statute § 38.1–381(a2) does not permit such exclusions and, in the absence of Federal pre-emption of the Virginia statute, the Virginia insurance law governs the contract between the insured, Herbert L. Moore, and GEICO. Accordingly, the endorsement form entitled "Federal Employees Using Automobiles in Government Business—A786" is null and void.

The situation in *Government Employees Insurance Company, Incorporated v.*

*United States, supra,* upholding exclusion of the United States from the omnibus clause of a Colorado insurance policy is not disturbed. The holding in this case does not contravene decisions in other jurisdiction which uphold exclusions of the United States from the operation of an omnibus clause where such exclusions are permitted by state law.

■ It is the opinion of the Court, therefore, that a conflict does not exist in the operation of 28 U.S.C. § 2679(b) and Va.Code Ann. § 38.1–381(a2). No persuasive reasons for pre-emption can be found in the nature of the subject matter, nor has it been shown that the clear manifest intent of Congress was to pre-empt the Virginia omnibus clause provisions. *See DeCanas v. Bica, —— U.S. ——, 96 S.Ct. 933, 47 L.Ed.2d 43, 44 U.S.L.W. 4235 (1976).*

GEICO seeks to demonstrate that the Federal and State statutes should be enforced in a manner which resolves any conflict. In effect, GEICO contends that it is not the intent of the Virginia statute to counteract the Federal Drivers Act by prohibiting an exclusion to the Virginia omnibus clause. In other words, GEICO argues that the proper reading of the decision in *Southside Distributing Company, supra,* and the administrative directives of the State Corporation Commission, standing alone, permit the use of the A786 endorsement.

■ The State Corporation Commission is required by statute to prepare a standard form for any endorsement in connection with any contract of motor vehicle insurance which, in the opinion of the Commission, is so extensively used that the use of a standard form becomes desirable. Va.Code Ann. § 38.1–382 (1950, as amended). The Virginia statute does not permit the Commission to interpret Virginia insurance law nor does it require adherence to contract forms which violate statutory provisions.[8]

---

7. See the cases listed in note 3, *supra.*

8. Va.Code Ann. § 38.1–382 provides as follows:

"Whenever the Commission is of the opinion that any form of policy, or any form of rider, endorsement, or other special or supplemental agreement or provision, for use in connection

Where there is a conflict between form and statute, the statute is controlling and the conflicting form is null and void. *Travelers Indemnity Company v. Wells,* 209 F.Supp. 784, 787 (W.D.Va.), *rev'd on other grounds,* 316 F.2d 770 (4th Cir. 1963); *see Newton v. Employers Liability Assur. Corporation,* 107 F.2d 164, 168 (4th Cir. 1939). The approval of the A786 endorsement prior to the enactment of § 38.1–381(a2) and its use subsequent to the decision of the Supreme Court of Virginia in *Southside Distributing Company* does not control the decision as to whether the form reflects an accurate statement of Virginia law.[9]

■ GEICO relies on the wording of *Southside Distributing Company* wherein the Court stated: "Section 38.1–381(a2), prohibits any exclusions from policy coverage except those expressly provided for *by statute.*" (emphasis added) *Id.* 189 S.E.2d at 683. The phrase "by statute," it is argued, encompasses exclusions permitted by any statute including the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e). It is evident to the Court, however, that the words "by statute" make reference to Virginia statutory exclusions. A Virginia statutory exclusion was the subject of the decision in *Southside Distributing Company* and all cases referred to by the Court dealt with exclusions allowed under Virginia law. The regulation of insurance has generally been delegated to the states. It would be inconsistent with Federal law and the opinion of the Supreme Court of Virginia to adopt the argument of GEICO that the phrase "by statute" includes the Federal Drivers Act.

■ The final contention of GEICO is that a decision prohibiting the exclu-

sion of the United States from the Virginia omnibus clause would have the effect of requiring the defendant to administer the maze of procedures embodied in the Federal Tort Claims Act. The procedural requirements of the Federal Tort Claims Act do not constitute a debilitating obstacle to compliance, nor can GEICO assert the difficulty of conforming to the Act in order to defeat its obligation to insure the United States. *See Government Employees Insurance Company v. United States,* 349 F.2d 83, 85–86 (10th Cir. 1965); *Taggert v. United States,* 262 F.Supp. 572, 574 (M.D.Pa. 1967).

## DAMAGES

■ Having found that the insurance contract endorsement form A786 is null and void, the Court concludes that the United States is an insured within the provisions of the Virginia omnibus clause. Va.Code Ann. § 38.1–381(a). The refusal of the defendant GEICO to comply with the demand of the Government for indemnification under the terms of Mr. Moore's insurance policy entitles the United States to compensatory damages. The Government in its Complaint seeks an award for interest from the date of its settlement with Keen and for attorney's fees. These claims were not covered in the Government's briefs and the Court, therefore, declines to allow interest and attorney's fees. Judgment will be entered in the amount of $16,550.62 to recompense the Government for payments made in settlement of claims against the United States for the negligence of one of its employees, Mr. Herbert L. Moore. It is so ORDERED.

with any contract of motor vehicle insurance to be issued or delivered in this State, is so extensively used that a standard form is desirable, it shall prepare such standard form, and file a copy in its office, and shall provide by order that on a day not less than thirty days thereafter such form shall become a standard form for use by all companies unless objection thereto is filed with the Commission within twenty days after the entry of the order. The Commission shall mail a copy of its order to

all companies licensed to transact the kind of insurance to which such form is applicable, and to all rating and advisory organizations representing such companies."

**9.** The State Corporation Commission approved the A786 endorsement form in Administrative Order No. 6857, dated July 9, 1974. Mr. Moore was involved in the collision with Joe Keen on April 20, 1973.