UNITED STATES of America,
Plaintiff-Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, INC.,
Defendant-Appellee.

No. 292, Docket 79–6142.

United States Court of Appeals,
Second Circuit.

Argued Oct. 4, 1979.

Decided Jan. 14, 1980.

Morton Hollander, Dept. of Justice, Washington, D. C. (Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Richard J. Arcara, U. S. Atty., Buffalo, N. Y., Bruce G. Forrest, Dept. of Justice, Washington, D. C., on the brief), for plaintiff-appellant.

Charles A. Hall, Rochester, N. Y. (Winchell, Connors & Corcoran, Rochester, N. Y., on the brief), for defendant-appellee.

Before VAN GRAAFEILAND and KEARSE, Circuit Judges, and DOOLING, District Judge.*

PER CURIAM:

On October 19, 1971, an employee of the United States Postal Service, driving his automobile on government business, negligently collided with another vehicle. Thereafter, judgment was entered against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674, for property damage to the vehicle that was struck. The United States sought indemnification from Government Employees Insurance Company, Inc., which was the insurance carrier for the negligent employee. Upon that company's denial of the government's claim, suit followed in the United States District Court for the Western District of New York. The facts were uncontroverted, and both sides moved for summary judgment. Defendant's motion, based upon its contention that the government was excluded from coverage by the terms of its policy, was granted. The government's motion was denied. We reverse.

For many years, liability carriers insuring government employees attempted with little success to deny coverage to the government, claiming as an additional omnibus insured under the carriers' policies. See *Government Employees Insurance Co. v. United States*, 349 F.2d 83, 86 (10th Cir. 1965), *cert. denied*, 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539 (1966); *United States v. Government Employees Insurance Co.*, 409 F.Supp. 986, 989 & n. 3 (E.D.Va.1976); *Harleysville Insurance Co. v. United States*, 363 F.Supp. 176, 177–78 (E.D.Pa.1973). Because of this consistent record of failure, the carriers began to attach endorsements to their policies specifically excluding the government from coverage. See *Government Employees Insurance Co. v. United States*, 400 F.2d 172 (10th Cir. 1968); *United States v. Government Employees Insurance Co.*, *supra*, 409 F.Supp. at 989. The question in the instant case is whether this exclusion, which is in appellee's policy, is permitted by the regulations of the New York State Insurance Department.

Regulation No. 35–A permits carriers to exclude from coverage (1) "[l]iability assumed by the insured under any contract or agreement" and (2) "[a]ny obligation for which the insured . . . may be held liable under any workman's compensation, unemployment compensation or disability benefits law, or any similar law." See 11 NYCRR § 60.2(b) and (e). Appellee contends that denial of coverage to the government is proper under one or both of these provisions. It argues that the Federal Tort Claims Act is an agreement for assumption of liability and is also similar to statutes providing workman's compensation, unemployment compensation, or disability benefits. We disagree with both contentions.

■ The Tort Claims Act was designed to eliminate the government's sovereign immunity from suits in tort and, with certain exceptions, to render it liable as a private individual would be under like circumstances. *Lambertson v. United States*, 528 F.2d 441, 444 (2d Cir.), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1970). The Act is "not the creation of new causes of

---

* Hon. John F. Dooling, Jr., Senior Judge of the U. S. District Court for the Eastern District of New York, sitting by designation.

action but acceptance of liability under circumstances that would bring private liability into existence." *Feres v. United States,* 340 U.S. 135, 141, 71 S.Ct. 153, 157, 95 L.Ed. 152 (1950). The liability thus accepted is not assumed under a contract or agreement but results from operation of law through the elimination of immunity. As such, it does not fall within the contract exclusion. *See Lumbermens Mutual Casualty Co. v. Town of Pound Ridge,* 362 F.2d 430, 434 (2d Cir. 1966); *O'Dowd v. American Surety Co.,* 3 N.Y.2d 347, 351–54, 165 N.Y.S.2d 458, 144 N.E.2d 359 (1957); 12 Couch on Insurance § 44:447 (2d ed. 1964).

■ There is little if any similarity between the government's waiver of *respondeat superior* immunity in the Tort Claims Act and the creation of employee benefits under workmen's compensation, disability benefits and unemployment compensation statutes. Although the Federal Drivers Act, which added subdivisions (b) through (e) to 28 U.S.C. § 2679, did confer a benefit upon government employees by immunizing them from individual liability, this benefit cannot be equated with the rights the employees would have under a workman's compensation, disability benefits, or unemployment compensation statute. *See, e. g., Feres v. United States, supra,* 340 U.S. at 146, 71 S.Ct. 153; *Vantrease v. United States,* 400 F.2d 853 (6th Cir. 1968). The government's obligations are, of course, totally unlike those for which an employer might be held liable under the excepted statutes.

The order appealed from is reversed and the matter is remanded to the district court with instructions to enter summary judgment in favor of the United States.